## Case No. 2,740.

### CITY BANK OF NEW YORK v. SKELTON et al.

[2 Blatchf. 26.][1]

Circuit Court, S. D. New York. July 31, 1846.

JURISDICTION—ENJOINING SUITS—RIGHTS OF SUITORS IN FEDERAL COURTS.

1. This court has power, in a proper case, to prohibit a non-resident plaintiff from prosecuting an action against a defendant residing within this state.

2. A party entitled to sue in this court by reason of a constitutional qualification, acquires no right to any standing here different from what he would have in any other tribunal competent to take cognizance of his case.

3. Whenever, therefore, jurisdiction over his case has attached, this court will proceed with it conformably to the general principles of law, and to the usage and practice of the court.

4. The circuit courts of the United States have power to control and stay actions pending before them, either by order on the common law side of the court, or by injunction on the equity side.

5. But they will not exercise such authority over actions pending in a state court, nor will

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

a state court interfere with actions pending in the *federal courts*.

6. The decision in this same case [Case No. 2,739], that this is a proper case for this court to stay by injunction an action at law pending here, reviewed and affirmed.

In equity. After the injunction in this case was granted [Case No. 2,739], the defendant Yonge answered the bill, and now moved for a dissolution of the injunction.

Erastus C. Benedict, for Yonge.
George William Wright, for plaintiffs.

Before NELSON, Circuit Justice, and BETTS, District Judge.

BETTS, District Judge. This motion is urged principally upon the ground that this court has no constitutional power to inhibit a non-resident plaintiff from prosecuting an action against a defendant residing within this state. The constitution, in designating the parties and subjects over which the courts of the United States shall take jurisdiction, does not prescribe the manner in which such jurisdiction is to be exercised. It of course devolves upon congress to regulate the mode of procedure by which the functions of the judiciary are to be executed. This is sometimes done by a specific direction to the courts, but most commonly by very general provisions, such as are embodied in the process acts, or in section 34 of the judiciary act of 1789 (1 Stat. 92). The equity powers of this court, and the practice by means of which such powers are enforced, are, by act of congress, made substantially the same as those of the high court of chancery in England. Act May 8, 1792, § 2 (1 Stat. 276); Robinson v. Campbell, 3 Wheat. [16 U. S.] 212, 223. Whenever, therefore, jurisdiction over a case attaches by virtue of the constitution, the court proceeds with it conformably to the general principles of law prescribed by the statute, or established under authority derived from it; and, in this respect, the courts of the United States stand upon the same footing as those of this state or of Great Britain having general jurisdiction. A party entitled to sue by reason of a constitutional qualification, acquires no right to any standing in this court different from what he would have in any other tribunal competent to take cognizance of his case. Wherever he is entitled to resort for relief, he must take his remedy, not upon the footing of his capacity to sue, but conformably to the law and usage of the court. A suitor in this court must accordingly be subject to such regulation and control as the court, under authority of law, may deem proper to apply to his particular case, or such as may exist in the form of general rules of practice or decision.

This power of circuit courts to control and stay actions pending before them is distinctly recognized by the supreme court. Mallow v. Hinde, 12 Wheat. [25 U. S.] 193; Dunn v. Clarke, 8 Pet. [33 U. S.] 1. In both

of those cases, the suits at law stayed by injunction were pending on the law side of the circuit court; and, in the latter case, although the supreme court held that the injunction bill could not be maintained for the want of proper parties, yet they ordered a stay of the suit at law in the circuit court until the parties should have had time to seek relief from a state court. The stay of proceedings in the present case might, therefore, have been rightfully made by order on the common law side of the court, or the court may, on a proper bill, act on the equity side, and effect the stay by injunction.

The supreme court of the state of New York exercises a broad equitable power over suits and suitors, in staying proceedings on mere motion, when the justice of the case demands such interference. 3 Grah. Pr. c. 2. It is also a common head of equity to restrain suits at law by injunction from chancery whenever the relief at law is inadequate or imperfect, or whenever the court of chancery has cognizance of the case already, and is competent to give the parties full relief. Thompson v. Brown, 4 Johns. Ch. 619, 643; Denton v. Graves. Hopk. Ch. 306. And no doubt, if Yonge had instituted his actions in a state court of law, the chancellor would have enjoined their prosecution. But the courts of the United States will not exercise such authority over the state court (Diggs v. Wolcott, 4 Cranch [8 U. S.] 179), nor will the state court of chancery interfere with actions pending in the federal courts.

The case of Dunn v. Clarke, before cited, is full authority for staying proceedings in the actions at law in this court, to await the decision upon the subject-matter in the state court, the case here being clothed also with the additional feature, that the suit in the state court was first brought and is at issue there between the same persons who are parties to the suits here.

The power of this court thus to interfere being possessed in ample plenitude, we are satisfied that the facts of this case will warrant and indeed demand the exercise of that power. The motion to dissolve the injunction must, therefore, be denied.