JOSEPH R. MASON and another *v.* SAMUEL MILES.

Where a judgment by default has been taken against a principal and his surety, the fact that no process in the suit had been served upon the former, affords no ground for vacating such judgment as against the latter.

Under the new practice in this State, by analogy to the old, relief against a judgment, sought *because the defendant had not been served with process in the case,* is not to be made the subject of a *quasi* equitable proceeding, but must be applied for by a motion incidental to the judgment impeached.

The new Superior Courts have power to vacate judgments improperly or irregularly taken in the former Superior or County Courts.

*(Kealon* v. *Banks,* 10 Ire. 381; *Hunter* v. *Kirk,* 4 Hawks, 277; *Morris* v. *Clay,* 8 Jon. 21; and *Rogers* v. *Holt,* Phil. Eq. 108, cited and approved.

INJUNCTION, tried before *Watts, J.,* at the Spring Term 1869, of NORTHAMPTON Superior Court.

On the 15th of April, 1869, the plaintiffs filed a complaint against the defendant alleging that the latter, at Fall Term 1867, had obtained a judgment by default final against them, for more than $590.00, upon a bond in which Mason was principal and Palmer surety. After stating the consideration of the bond, and that the bond, in renewal of which it had been given, had been paid, Mason stated that he was insane when the renewal was made; also that no process in the suit upon the bond had even been made upon him, &c.

Thereupon an injunction in favor of both plaintiffs was ordered.

The defendant filed an answer upon the 17th of May, 1869, denying that the bond had been given for the consideration in the complaint set forth, or that it had been paid.

His Honor having refused to order the injunction to be dissolved, the defendant appealed.

*Ransom* and *Peebles,* for the appellant.

*Barnes, contra.*

DICK, J. The injunction order in this case was improvidently granted to the plaintiff, Palmer. He executed the note on which the defendant obtained judgment, and the due service of process upon him is not denied. As to him the judgment was taken according to the due course of the Court, and is in all respects regular. He does not set forth in his complaint any equitable right which would be infringed by the execution of said judgment, and of course is not entitled to injunctive relief. It appears from the record in the former case that the plaintiff Mason was duly served with process, and that the judgment was taken according to the course of the Court. It is, however, insisted by Mason in his complaint, that he was not served with process, and had no opportunity to make defense. If this be so, the judgment against him is void, for there can be no valid judgment against a person not in Court. His remedy by a motion in the cause is clear, simple and speedy.

The Superior Courts, under our present judicial system, must necessarily have the jurisdiction, in administering justice between parties, to vacate judgments which were irregularly or improperly taken in the late County and Superior Courts. The case in which the judgment of the defendant was taken, has been regularly transferred to the Superior Court, and the plaintiff Mason may find adequate relief from the errors complained of, by a motion in the cause, founded upon affidavit. Upon such motion he may obtain a rule upon the Sheriff, to make him amend his return so as to make it speak the truth.

If the Sheriff, in answer to such rule, were to state that process was duly served, then the contrary may be shown by parol evidence. *Keaton* v. *Banks*, 10 Ire. 381.

As the Sheriff is a sworn officer of the law, a single affidavit will not be sufficient to set aside his return; *Hunter* v. *Kirk*, 4 Hawks. 277. If upon sufficient proof the judgment be vacated, then the plaintiff Mason may plead his insanity in defense to the action; *Norris* v. *Clay*, 8 Jon. 216.

As the Courts are now always open, the remedy of the plaintiff, as above indicated, is speedy and complete. Mason has chosen to seek his remedy by another action, which is in the

nature of an equitable proceeding; and it is a well settled principle of equity, that where a person can have adequate relief by an order in a cause pending in the same Court, he shall not be allowed to seek his remedy by a separate suit. *Rogers* v. *Holt*, Phil. Eq. 108.

This rule of equity must be enforced in our present system of Civil Procedure.

If the plaintiff's action were properly constituted in this Court, the injunction ought to be vacated as the answer of the defendant fully and positively denies all the allegations in the complaint. It is unnecessary for us to consider the other errors assigned in the case made up by appellant's counsel and signed by his Honor. There is error in the ruling of his Honor in the Court below, and the injunction must be vacated.

Let this certified, &c.

PER CURIAM.                  Order accordingly.