M. B. WILLIAMS *v.* A. M. ROCKWELL.

If a writ of capias ad respondendum (under the former system) were not returned for two terms, it lost its vitality: *Therefore,* where such writ was executed returnable to Spring Term 1865 of Johnston Superior Court, and no such Court sat then, or at Fall Term; *Held,* that a judgment by default taken in such suit at Spring Term 1867, was irregular.

A judgment by default *final,* upon a note payable in Confederate money, is irregular.

The proper remedy for the defendant in such case, is by a *motion in the cause.*

(*Lackey* v. *Miller,* Phil. 26; *Mason* v. *Miles,* 63 N. C., 564; *Garrett* v. *Smith, ante* 93, and *Foard* v. *Alexander, ante* 69, cited and approved.)

ACTION, before *Watts, J.,* upon a motion to vacate an injunction, at December Special Term 1869 of WAKE Court.

The facts were, that a writ had been issued by the defendant against the plaintiff, upon a note for $750, given for the price of a steam engine, payable in Confederate money, and dated March 1864. The writ was executed, and was returnable to Spring Term 1865 of Johnston Superior Court. No term of that Court was held in that County, for either the Spring or Fall of that year. A judgment by *default final* was taken in such suit at Spring Term 1867, for the full amount; and

having been docketed in Wake, execution was duly issued,. &c.

This action was for an injunction, and that the defendant should be required to take the *scale* value for the note, &c.

His Honor made an order for a preliminary injunction, and afterwards, upon the coming in of the answer, refused to grant an order to vacate it.

The defendant appealed.

*Bragg and Cox,* for the appellant.

1. The judgment was regular, and cannot be set aside. *Crawford* v. *Bank of Wilmington,* Phil. 136; *Davis* v. *Shaver* Id. 18; *Sharpe* v. *Rintels,* Id. 84.

2. If irregular, the defendant's relief is by *motion in the cause,* to the Court that gave the judgment. *Parker* v. *Jones,* 5 Jon. Eq. 276; *Partin* v *Lutterloh,* 3 Id. 341.

*Battle & Sons, contra.*

One effect of docketing a judgment in another county than that where the suit was tried, is, that the defendant will be without adequate remedy unless he may apply for an injunction *in the County* where is the judgment which is being enforced against his property. See *Watts* v. *Bogle,* 4 Ire. 331, and *Lunsford* v. *McPherson,* 3 Jon. 174.

DICK, J. The statute regulating the terms of the courts, and the issuing and return of process, prescribes that the clerk shall note on a writ the day when it was issued, and the Sheriff, the day when he received it; and makes it returnable to the next ensuing term of the court. If a writ was issued within ten days before a Superior Court, then it is made returnable to the second term after process issued: Rev: Code, ch. 31, sections 39–50.

When a term of a Superior Court was not held, by reason

of a non-attendance of the Judge, then all process returnable to that term was continued in force, and was properly returnable to the succeeding term: Rev. Code, ch. 31, sec. 21.

No provision was made by law for the return of process when a court was not held for the two successive terms. After the writ upon which the present defendant took his judgment by default had passed the second term without being returned, it lost its vitality, and the present plaintiff was not bound to attend the third term. The judgment, therefore, was irregular, as it was not taken according to the course of the courts.

The judgment by default was irregular in another respect. The instrument declared on, was not a note for the payment of money: *Lackey* v. *Miller*, Phil. 26. The judgment by default was, therefore, not *final*, but interlocutory, and a jury should have assessed the value of the contract, upon a writ of inquiry, before the judgment was made final.

The contract, in express terms, was solvable in Confederate money, or its equivalent, and must be construed as those contracts which are thus solvable by presumption of law. As this note was given for property, the value of such property is the true value of the contract: *Garrett* v. *Smith*, at this term.

The remedy of the present plaintiff is a motion in the cause to set aside the judgment by default, for irregularity: *Mason* v. *Miles*, 63 N. C. 564.

The present proceedings cannot be regarded as such a motion, as they are constituted in a different court from that in which the judgment was rendered. The plaintiff may be able to find adequate relief, in the manner pointed out in the case of *Foard* v. *Alexander*, decided at this term.

There was error in the ruling of his Honor, and these proceedings must be dismissed.

PER CURIAM.                                              Error.