SAMUEL M. MANN, Ex'r., *v.* JOHN G. BLOUNT, and another.

The proper mode of obtaining relief under the act of 1868-'9, which makes bank bills a set off against judgments and executions already obtained, is by a rule upon the plaintiff in the judgment or execution, which is sought to be enjoined, founded upon proper affidavits, requiring him to show cause why he shall not accept the bills of the bank in payment of the debt, and have satisfaction of the judgment entered of record. And a notice of the rule served upon the Sheriff, who has the execution in hand, will operate as a *supersedias.*

It is the rule of a Court of Equity, or of any other Court which proceeds upon the same principles, not to entertain a bill or action, which seeks no other relief than that which can be had by orders in a cause then pending.

The cases of *Rogers* v. *Holt,* Phil. Eq. 108, and *Mason* v. *Miles,* 63 N. C. Rep. 564, cited and approved.

The person to whom the effects of a bank have been assigned for the purpose of winding up its affairs, and every person claiming under him, has no higher or better rights than the bank itself would have had.

This was a civil action in which the plaintiff applied for an order for an injunction, tried before his Honor *Jones, J.,* at the last term of HYDE Superior Court.

The complaint alleged in substance that the present defendant, John G. Blount, as assignee of the Bank of Washington, had in 1869 obtained a judgment against one Adams, and himself as executor of Marcus Swindell, that after a payment of a part of it, the plaintiff had obtained bank bills of the Bank of Washington, and tendered them in payment of the residue of the judgment, an execution on which had been issued and was then in the hands of the Sheriff, and that the attorney of the plaintiff in the execution and the sheriff had refused to receive it. An order for a preliminary injunction was obtained on the 7th March, 1870, and at the Fall Term, 1870, of the Superior Court, the defendant filed an answer, in which it was stated, among other grounds of defence, that after the assignment of the effects of the

Bank of Washington to the defendant, the judgment was obtained, and that the money due thereon did not belong to the Bank of Washington, nor to the stockholders thereof, but to certain creditors of the said bank, whose claims had been established and settled by the judgment and decree of the Superior Court of Beaufort County. It was further stated that the corporation known as the Bank of Washington had had no legal existence since the year 1867. Upon his answer, the defendant Blount moved for a dissolution of the injunction, which was refused by the Court, and he appealed.

*Warren & Carter* for the defendant.
*Battle & Sons* for the plaintiff.

SETTLE, J.   The defendant as assignee of the Bank of Washington, which went into liquidation in 1867, is seeking to collect of the plaintiff in this action, " lawful money of the United States" in payment of a judgment obtained upon a debt made to the Bank—having refused to accept the bills of the Bank of Washington in satisfaction of said judgment.

The Act of 1868-'9, ch. 77, declares, " That an Act entitled an act to make bank bills a set off, ratified the twenty second day of August, A. D. 1868, be so amended as to apply to judgments and executions which may have been obtained on any debt due any of the banks mentioned in the aforesaid act."

These words are broad enough to embrace the case under consideration.   But it is contended that the corporation, known as the Bank of Washington, has had no legal existence since 1867, and that the debt upon which the execution, which is now the subject of controversy is founded, is not due to the Bank of Washington ; since all the property of said Bank has been assigned to the defendant, for the

benefit of such of the creditors of the Bank as proved their debts.

We are unable to perceive how these facts can affect either the justice or the law of the case.

We are of opinion that the assignee and all who claim under him, have no higher nor better rights than the Bank itself would have had. The assignee is simply winding up the affairs of the Bank, and so far as its debtors are concerned, it can make no difference whether the stockholders or the creditors are to be benefited.

We have thought proper to say this much upon the merits of the case, but we think that the present plaintiff has mistaken his remedy.

A suit in Court is not ended by the rendition of a judgment, but it is a pending suit until the judgment is satisfied.

Therefore, the relief to which the plaintiff in this action is entitled may be obtained by a rule upon the plaintiff in the execution which is sought to be enjoined, founded upon proper affidavits, requiring him to show cause why he shall not accept the bills of the Bank of Washington, in payment of the debt and have satisfaction of the judgment entered of record. A notice of the rule upon the Sheriff who has the execution in hand will operate as a *supersedias.*

Thus the present plaintiff can obtain relief in the cause of *Blount* v. *Adams, et al,* which is still pending; and it is a rule of Courts of Equity not to entertain a bill which seeks no other relief than that which can be had by orders in a cause then pending. *Rogers* v. *Holt,* Phil. Eq. 108. *Mason* v. *Miles,* 63 N. C. 564. *Council* v. *Rivers,* at this term.

The judgment of the Superior Court must be reversed, and the action dismissed.

Per Curiam.                    Judgment reversed.