## A. H. ERWIN v. WESTERN NORTH CAROLINA RAIL ROAD COMPANY.

Where it appeared that the plaintiff on the 1st of January, 1865, hired his slaves to the defendant upon the express understanding that he was to take Confederate money in advance, or whenever he should apply for it, and the defendant was always ready to pay the Confederate money, but the plaintiff never applied for it, it *was held* that he was not entitled to recover the value of the hire of the slaves.

*Williams* v. *Rockwell*, 64 N. C. Rep. 325, cited and approved, and distinguished from the present case.

This was a civil action tried before his Honor, *Judge Mitchell*, at the Fall Term, 1870, of BURKE Superior Court.

The action was brought to recover the worth of the hire of three slaves for the year 1865, and it was in evidence that the defendant hired the slaves of the plaintiff on the first day of January, of that year, for the full term of one year at the price of two thousand dollars each, in Confederate currency; and that the company refused to hire the slaves unless the plaintiff would agree to take Confederate currency in advance for the hire; that he did agree to do so, with the understanding that he was to get the money whenever he should apply for it; that the defendant had the money in hand to pay whenever the plaintiff should apply, but he never did apply for it.

The defendant's counsel contended and asked his Honor to instruct the jury, that the plaintiff could not recover upon the contract as proved, or if entitled to recover at all, he could get only the value of the Confederate currency at the time of the contract. His Honor declined to give the instruction asked for, but charged the jury that the plaintiff was entitled to recover what the slaves were reasonably worth. There was a verdict and judgment in accordance with his Honor's charge and the defendant appealed.

*Boyden & Bailey* and *Furches*, for the defendant.

No counsel for the plaintiff.

DICK, J.  If the plaintiff had hired his negroes to the defendant on the 1st day of January, 1865, for Confederate currency, under an ordinary contract of hiring—then this case would come within the decision in *Williams* v. *Rockwell*, 64 N. C. 325—and the plaintiff would be entitled to recover the value of the services of his negroes.

But this contract differs materially from an ordinary contract of hiring when payment is to be made at a future day.

It was in evidence "that the defendant refused to hire said negroes unless plaintiff would agree to take Confederate money in advance for the hire.  Plaintiff did agree to do so with the understanding that he was to get the money whenever he would apply for it."  This agreement constituted mutual and dependant contracts between the parties, founded upon concurrent considerations.

The defendant promised that upon receiving the negroes he would pay Confederate money for the hire, or be ready to make payment when the plaintiff should apply.  The evidence shows that the defendant kept funds ready to comply with his contract.

The plaintiff agreed to receive such money in advance, or make application for payment within a reasonable time.  As the plaintiff did not perform his contract by offering to receive the money, he is not entitled to recover.  Chit. on Con. 738, 1 Salk 170 n (a) 1 Saund. 320 n (4) 57.

There was error in the ruling of his Honor and there must be a *venire de novo.*

Let this be certified.

PER CURIAM.                         Judgment reversed.