DIANA GREEN *et al. vs* WILLIAM H. MOORE.

1. Where no final decree has been rendered in a suit in the late Court of Equity, it must be proceeded in according to the practice of Courts of Equity existing when our present Constitution was adopted.

2. Under the former system, orders and decrees in such suits could only be made in term time.

3. Where a petition for the sale of land was filed in one of the late Courts of Equity, no final decree having been rendered therein at the adoption of the Constitution, the Clerk of the Superior Court has no jurisdiction, and the Judge none except at term time, to hear and determine a petition filed in the cause praying for a re-sale of the property.

*Mason* v. *Miles*, 63 N. C. R. 564, cited and distinguished from this case.

This was a petition filed in the Superior Court of Wayne County in vacation, setting forth in substance that certain land had been sold under a decree of the late Court of Equity for Wayne County, rendered in a petition praying for the same for partition, filed by the present petitioners as tenants in common thereof; that the defendant became the purchaser, and that the sale had been duly reported and confirmed, but had failed to pay the purchase money, and praying for a re-sale thereof

His Honor, Judge Clarke, heard and dertermined the same *in vacation*, and ordered a re-sale of the premises.

From which determination the defenant Moore appealed.

*Isler* for the petitioners.

When anything can be [accomplished by order, an action will not lie. *Council* v. *Rivers*, 65 N. C. R. 54. *Rogers* v. *Holt*, Phil. Eq. 108.

The Courts are always open. *Mason* v. *Miles*, 63 N. C. R. 564. Const. Art, IV, sec. 28,

*Moore & Gatling* for defendant.

DICK, J. This suit was commenced in the late Court of Equity, and was regularly transfered to the Superior Court. It appears from the record, that an interlocutory decree for the sale of the land was made, but there has been no hearing upon further directions, and a final decree made confirming the sale and determining the rights of the parties.

As the suit was in this condition when transferred to the Superior Court, it ought to have been proceeded in and determined according to the rules of Courts of Equity, existing when the present Constitution of the State was adopted. Const. Art. 4, sec. 25. C. C. P., sec. 402.

Under the old system, orders and decrees in a suit pending in a Court of Equity, could only be made in term time, and the Chancellor had no such jurisdiction at Chambers.

In a certain class of cases in England, the Chancellor would hear arguments and make decrees at his private room, but such decrees were only had by the consent of the Counsel, and were regarded as the acts of parties rather than the action of the Court. 2 Daniel, ch. Pr. 1191.

In this State the Chancellor sometimes heard causes and made decrees at his private room, but it was generally done by the consent of parties, and his action was always regarded as a proceeding in Court, and so entered on the record.

*Mason* v. *Miles*, 63 N. C. R. 564, was a case in which, under C. C. P., a motion in the cause might have been made before the Judge out of term ; as final judgment had been rendered before the case had been transferred from the old to the new Court.

The proceedings in the case for a re-sale of the land appear to have been commenced before the Clerk of the Superior

Court, who had no jurisdiction in the matter, as the transfer of the case placed it on the regular docket of the Superior Court, within the exclusive jurisdiction of the Judge.

The Judge could only hear and determine the cause in term time, and his order of re-sale made at Chambers cannot be sustained.

The proceedings in the case must be dismissed.

Per Curiam.                                      Proceedings dismissed.