JOSEPH SIMMONS v. JOSEPH CAHOON.

Where it appeared that the plaintiff sold a horse to the defendant for $125 paya-
ble in Confederate notes, or $100 in bank notes, at a given time, at defend-
ant's option, and defendant offered to pay in Confederate notes and plaintiff
refused to receive them, and both parties differed as to the contract, and
agreed that the plaintiff should call at the defendant's house and get $125
State scrip in payment of debt, and plaintiff did not and never has called,
and defendant has always been ready : *Held*, that the parties had rescinded
the first contract, and by the latter contract the plaintiff was to call for the
same as a condition precedent to the payment of it, and as he had not called
he could not recover.

(*Erwin* v. *W N C R. R. Co.*, 65 N. C. Rep. 79, cited and approved.)

This was a CIVIL ACTION tried before *Moore, J.*, at Fall
Term, 1872, at TYRRELL Superior Court.

The action was commenced before a Justice of the Peace,
and brought up by appeal to the Superior Court. The facts
of the case are fully stated in the opinion of the Court. His
Honor charged the jury that the facts did not constitute a
tender, and were no protection to the defendant.

Verdict for plaintiff, &c. And the defendant appealed.

*Busbee & Busbee*, for appellant.
*Smith & Strong*, contra.

READE, J. The plaintiff sold the defendant a horse, for
which the defendant was to pay at a given time $100 in
bank notes, or $125 in Confederate notes, at the defendant's
option. At the time specified the defendant offered to pay
$125 in Confederate notes, taking out his pocket book and
showing the money. The plaintiff refused to take the Con-
federate notes because of their depreciation; and demanded
that the defendant should give him his bond for $100, and
differed with the defendant as to the terms of the contract.
The plaintiff then said he would take $125 in State scrip ;
to which defendant assented, and offered to go immediately
home, some distance off, and get the scrip. But the plaintiff

said no, I will call at your house as I pass this evening, and get it. This was assented to by the defendant. When the plaintiff passed the defendant's house, the defendant had the money ready and called the plaintiff to stop and get it. Plaintiff said ʼhe would call on his return and get it. But he did not call and never has called; and the defendant has always been ready. Both the State scrip and the Confederate notes became worthless by the results of the war.

Under the charge of his Honor the case was made to turn upon the validity of the tender of the Confederate notes; his Honor instructing the jury that it was not a sufficient tender. However that may be, it is outside of the case; because the first contract was rescinded, and the parties compromised their controversy by entering into the *new* contract. By the terms of the new contract, the plaintiff was to call at defendant's house and get the State scrip. This he has never done. And having failed to comply with his part of the contract to call at defendant's house, which was precedent to the defendant's undertaking to pay, he cannot recover.

The case of *Erwin* v. *W. N. C. R. R. Co.* 65 N. C. Rep. 79, is directly in point.

There is error.

PER CURIAM.                                        *Venire de novo.*