JOHN H. CLEMENT, Adm'r., &c., v. WILLIAM FOSTER and others.

In a petition to sell land for assets, the purchasers of the land sold are not permitted by a motion in the cause, to litigate questions arising because of a trespass committed, or to have questions of boundary decided.

(*Rogers* v. *Holt*, Phill. Eq. 108; *Mason* v. *Miles*, 63 N. C. Rep. 564; *Mason* v. *Blount*, 63 N. C. Rep. 99, cited and distinguished from this.)

MOTION for an injunction, heard by his Honor, *Judge Cloud*, at Chambers in DAVIE county, on the 1st day of April, 1874.

The plaintiff, as administrator, filed a petition to sell land to pay debts, when James Jordan became the purchaser of one of the tracts sold, and James B. Lanier purchased another tract adjoining. The sale of the land was regularly confirmed, the purchase money paid and deeds made to the purchasers.

Afterwards a difficulty arose between Jordan and Lanier concerning the removal of a division fence, and Jordan made an application to his Honor, at Chambers, founded upon affidavit, for an order restraining Lanier from taking down and removing the fence. The order was granted to the hearing, at which time Lanier filed a counter affidavit, and insisted that Jordan's remedy, if he had been injured, was by an independent action, and not by a motion or proceeding in this cause, to which they were strangers.

His Honor being of the same opinion, dismissed the application; whereupon Jordan appealed.

*McCorkle & Bailey*, with whom was *Craig & Craig* and *Jones & Jones*, cited and relied on *Masons* v. *Miles*, 63 N. C. Rep., 564, and *Mason* v. *Blount*, 65 N. C. Rep., 99-101.

No counsel *contra*, in this Court.

PEARSON, C. J. We concur with his Honor. The injunction ought to have been dissolved, both on the merits and on the question of practice.

CLEMENT, Adm'r., &c. *v.* FOSTER *et al.*

If during his operations, in respect to the fence, Lanier crossed the line, the remedy of Jordan is by a civil action for injury to real estate, which corresponds with the old action, *trespass quare clausum fregit.*

And it may be that if Lanier confined himself to his own side of the dividing line, still if he broke the fence, which had been before used as a common means of protecting the crops, without giving reasonable notice to Jordan of his intention to do so, he could be sued for consequential damages in an action corresponding with " trespass on the case," at all events such conduct on the part of Lanier would not have been consistent with good neighborship.

We are unable, however, to see any principle on which this question of boundary or of consequential damages can be lugged into the proceeding of *Clement, Adm'r,* v. *Foster, et. al.,* to sell land to pay debts, the parties to that proceeding have no concern whatever with the difference between Jordan and Lanier in respect to the fence; and would have cause to complain should that proceeding be complicated and delayed by a matter in which they have no interest. The cases *Rogers* v. *Holt,* Phil. Eq., 108; *Mason* v. *Miles,* 63 N. C., 564 ; *Mason* v. *Blount,* 65 N. C. Rep., 99, have no application to our case. In the cases of that class some or all of the parties to an action or proceeding still pending had an interest in the matter of the motion. No one of the parties to the proceeding *Clements, Adm'r,* v. *Foster, et. al.,* have any concern whatever in the matter of this motion.

There is no error.

PER CURIAM.                                     Judgment affirmed.