JOSIAH CHAPIN *vs.* LUCINDA JAMES, Administratrix, *et als.*

The Supreme Court of the state has no power to enjoin the United States marshal from proceeding to a sale on execution, although the property levied on is that of a stockholder in a corporation against which judgment and process of execution issued; the execution being levied by direction of attorneys thereon indorsed, to enforce the stockholder's liability under the Rhode Island statute regulating manufacturing corporations.

Notwithstanding the issue of an execution, the case in which it is issued is pending, and the execution, unless otherwise regulated by statute, is still, although issued, under the control of the court.

As between courts of coördinate jurisdiction, the tribunal first acquiring jurisdiction retains it.

As between courts of coördinate jurisdiction, the tribunal issuing process has exclusive control over it.

As between state courts and United States courts, neither can enjoin the process of the other.

*Semble,* that the limitations from citizenship imposed on the jurisdiction of United States courts do not apply to ancillary bills in equity or petitions to protect the rights of those interested in property in the custody of the court.

*Semble,* that such ancillary bills in equity or petitions may be brought in the United States courts, by any one whose interests are affected by the process.

The power of the Supreme Court to order service of process out of the state rests on General Statutes, cap. 181, § 25.

BILL IN EQUITY. On motion for an injunction.

*August* 15, 1874. POTTER, J. In this case the respondent having obtained from the United States Circuit Court, in a suit in equity, judgment against the Atlantic Delaine Company, took out her execution, and it was, in pursuance of an order of her attorneys, Messrs. Jenckes & Parsons, indorsed thereon, levied by the United States marshal on the property of the present complainant, Josiah Chapin, it being claimed that he was a stockholder in the said corporation at the time the liability accrued, and that they had the right so to levy it by the provisions of the statute of Rhode Island regulating manufacturing corporations.

The said Chapin now files his bill in this court for an injunction against the United States marshal, to restrain him from selling the property levied on.

Mrs. James, by Messrs. Jenckes & Parsons, now moves that the bill be dismissed for two reasons: —

*First.* For want of proper service. That Mrs. James was not a resident of Rhode Island, but of Pennsylvania; and the only service was by leaving a copy at a place alleged to be her last and usual place of abode, whereas she had none in this state, and by service on Messrs. Jenckes & Parsons, who say that they were and are attorneys in the suit in the United States Court, but have no authority to accept service or appear for her in the present suit.

It is contended by Messrs. Jenckes & Parsons that the right to order substituted service applies only where relief is asked against a suit at law (this being a suit in equity), and that its validity depends on the old English chancery practice, and not on the new English practice as modified by their recent statutes.

We cannot see the validity of this objection. The power of this court to order service on persons out of the state depends not on any old practice, but on General Statutes, cap. 181, § 25, which is sufficient to include the present case if the court has jurisdiction of the property relations, or person involved in controversy. So in England, substituted service depends now not on the old practice but on the act of 1852, Stat. 15 & 16 Victoria, cap. 86. See the subject commented on in *Hope* v. *Hope*, 4 De G., M. & G. 328, 341.

*Second.* The second ground for dismissal is that the state court has no jurisdiction in the case.

The complainant contends that in the present case, so far as concerns the levy on real estate, the property cannot be considered as in possession of the United States Court; that the complainant, Chapin, was not a party to the suit; and that even if he was liable as a stockholder, the marshal has no right, on an execution against the corporation, to levy the execution on his property, inasmuch as the mode of proceeding provided in the Manufacturing Corporations Act has never been adopted by any United States statutes or rule of court; that the execution was issued on a judgment in a suit for tort, whereas the stockholder is only liable in case of contract; that Mrs. James, being a stockholder herself, was not entitled to that process; and that there is no remedy for the complainant unless this court interferes.

The facts alleged being assumed as true for the purpose of deciding the present motion to dismiss, cannot the complainant raise in the United States Circuit Court all these and other questions of law he may make, and have them decided by that court?

Although a decree has been made in the suit in the United States Circuit Court, the case is still pending there. The execution is the process of the court for carrying its decree into effect, and except so far as regulated by statute, is still within the court's control.[1] Courts of law anciently, by " *audita querela* " and on motion, and latterly more generally by motion, have exercised control over their final process; and courts of equity

[1] NOTE BY THE REPORTER. — See *Spooner* v. *Leland*, 5 R. I. 351–2; *Nye* v. *Nightingale*, 6 R. I. 442.

have always done so.   This is absolutely necessary to prevent
the execution of a judgment or decree in one suit giving rise to
a dozen other suits growing out of questions as to the mode of
serving its process.   The suit is not ended by the judgment;
it is still pending.   *Wegman* v. *Childs*, 41 N. Y. 159; *Mann*
v. *Blount*, 65 N. C. 99, 101; *Howell et al.* v. *Bowers*, Cromp., M.
& R. 621; *Spann et al.* v. *Spann*, 2 Hill Ch. 156.   So far as
the present controversy is concerned, the question is between
courts of coördinate jurisdiction.   The suit was in equity, and
might have been brought either in the United States or in the
state court; and it is a principle too well settled to need au-
thority that in such a case the court which first acquires jurisdic-
tion is to retain it, and is not to be interfered with by any other
coördinate court, and that property in possession of the officers
of the court is in possession of the court, and cannot be levied
on by officers under authority of any other court of coördinate
jurisdiction, whether state or federal.   *Hagan* v. *Lucas*, 10 Pet.
400; *Wallace* v. *McConnell*, 13 Pet. 136; *Smith* v. *McIver*, 9
Wheat. 532; *Mallett* v. *Dexter*, 1 Curt. 178; *Buck* v. *Colbath*,
3 Wall. 334, 341.   Says Mr. Justice McLean, in *Hagan* v. *Lu-
cas* : " A most injurious conflict of jurisdiction would be likely
often to arise between the federal and the state courts, if the
final process of the one could be levied on property which had
been taken by process of the other."   In that case the United
States marshal had levied on property previously attached by
the state sheriff.

And see also the remarks of Judge Grier on the jurisdiction of
the federal and state courts in *Ex parte Jenkins*, 2 Wall. Jun.
521–525.   And as between state and United States courts it is
well settled that as a general rule neither can enjoin the process
of the other.   In case of conflict of jurisdiction as to cases aris-
ing under the United States Constitution or laws, the Supreme
Court of the United States at Washington is the final arbiter.
*Diggs* v. *Walcott*, 4 Cranch, 179; *McKim* v. *Voorhies*, 7 Cranch,
279; *Peck* v. *Jenness*, 7 How. U. S. 612–625; *City Bank* v.
*Skelton*, 2 Blatchf. 26; *Brooks* v. *Montgomery*, 23 La. An. 450;
and see *Kendall* v. *Winsor*, 6 R. I. 453; *Coster* v. *Griswold*, 4
Edw. Ch. 364–377; *English et al.* v. *Millar et als.* 2 Rich. Ch.
320; and so as to a court of a sister state : *Mead* v. *Merrit*, 2

Paige, 402, 404 ; 2 Story on Const. (ed. of Cooley) § 1757 ; Story Eq. Juris. § 900 ; Conklin's U. S. Courts, 162, 272 (4th ed. 1864) ; Conklin's U. S. Courts, 176, 296 (5th ed. 1870) ; and see the very strong expressions of the majority of the Supreme Court of the United States, in *Taylor* v. *Carryl*, 20 How. U. S. 583, 596.

But it is said by the complainant that in this case an execution issued against A. has been levied on B.'s property, and that in such a case a state court may interfere ; and he cites 1 Kent Com. 410, supported by *Cropper* v. *Coburn*, 2 Curt. 465 ; *Greene* v. *Briggs*, 1 Curt. 311. The latter was a case of liquor seized by an officer under a state law, which said Greene replevied out of the possession of the state officer on a writ brought to the United States Circuit Court. In that case the question of jurisdiction was not raised.

Judge Kent cites as his authority *Bruen* v. *Ogden*, 6 N. J. Law, 370, which was a case of replevin, and *Dunn* v. *Vail*, 7 La. Term R. 416 ; 3 Martin L. 602, which latter was an action of trespass where there could be no actual conflict of jurisdiction, and therefore is no authority for us.

The doctrine contended for by the complainant was also held by the Supreme Judicial Court of Massachusetts in a replevin case. *Howe* v. *Freeman*, 14 Gray, 566. But this case was carried up to the Supreme Court of the United States and there reversed ; *Freeman* v. *Howe*, 24 How. U. S. 450, 457 ; where the opinion was delivered by Nelson, J., one of the oldest and most learned and experienced justices of that court. This case, as observed by Mr. Justice Miller (3 Wall. 341), took the profession by surprise, as overruling the decision of the Supreme Judicial Court of Massachusetts and the opinion of Chancellor Kent. But it was upon this very point expressly affirmed by the United States Supreme Court in *Buck* v. *Colbath*, 3 Wall. 334, 341. It is said that the marshal on execution against A. has no right to levy on the property of B., which is claimed to be the present case. The very point decided in these two latter cases was, that in such a case the court from which the process issues must of necessity decide the question, and the case of *Brooks* v. *Montgomery*, 23 La. An. 450, is exactly in point. The decision there was that the state court would not enjoin the United States mar-

shal from selling property, on the ground that the property was not the property of the defendant in the original suit, but of the person who applies for the injunction. It is asked if the marshal, on a writ against A. should arrest B., would not the state court grant relief? We think in that case the application should be to the court whose process is abused. Suppose, for instance, a case of disputed identity. The court issuing the process could decide it, and it could only lead to an unseemly conflict for another court to interfere.

It is to be observed that there is a great distinction between actions of replevin and injunctions which actually interfere with the process of a court, and actions of trespass and case where damages only are claimed against an officer, in which latter there is no danger of conflict, and which may be peaceably taken from the state court to the United States Supreme Court, whose decision is final. *Buck* v. *Colbath*, 3 Wall. 334, 343, 347.

It is argued that in actions of trespass and case the claimant only recovers damages, whereas he ought to be protected in the possession of the property itself. The same argument was urged in *Freeman* v. *Howe*, 24 How. U. S. 450, and was overruled.

It is said that here Chapin was not a party to the original suit, but was a stranger to it, and could have no remedy in the United States Circuit Court, growing out of the peculiar limitations on their jurisdiction over parties.

In a state court, and so also in the United States court, but for the limitation as to citizenship, there can be no doubt that even a stranger who had suffered from the execution of a decree might obtain relief by petition to the court for an order in the case. 1 Hoff. Chanc. Prac. 89; *Platto* v. *Deuster*, 22 Wis. 482, 485, citing *M' Chord's Heirs* v. *McClintock*, 5 Litt. 304, where a person, not a party to a suit, who had been turned out of possession on the execution, was relieved by petition in the same suit. See also *Dyckman* v. *Kernochan*, 2 Paige, 26; *Spann et al.* v. *Spann*, 2 Hill Ch. 156; *Lane* v. *Clark*, 1 Cl. Ch. Rep. 307–9. And as to the United States courts it seems to be settled by the case of *Freeman* v. *Howe*, 24 How. U. S. 450, 460, that where the process was in a suit at law, a bill on the equity side of the court would lie to regulate or restrain proceedings, and that such a bill would be not original but ancillary, and might be brought by any

one whose interests were affected by the process. And while limiting the relief to parties before the court, or who may come before it, the same court, by Mr. Justice Miller, in *Buck* v. *Colbath*, 3 Wall. 334, 345, laid down the same rule, viz., that persons interested in the possession of the property in custody of the court may by petition make themselves so far parties as to have their interests protected, although, if it was an original suit, the qualifications as to citizenship would not be such as to give the federal courts jurisdiction. See also *Dunn* v. *Clarke*, 8 Pet. 1; and *Kendall* v. *Winsor*, 6 R. I. 453. In *Christmas* v. *Russel*, 14 Wall. 69, 80, there are some remarks which might seem to throw doubt on this view but for the very peculiar circumstances of that case.

The motion for a preliminary injunction must, therefore, be dismissed.

*Charles Hart, Benjamin T. Eames & James Tillinghast*, for complainant.

*Thomas A. Jenckes & James H. Parsons*, for respondents.

NOTE.— For a commentary on this case, see Amer. Law Register N. S. vol. 14, p. 214, April, 1875.