The bill is brought by certain stockholders of the Hartford, Providence, and Fishkill Railroad Company, for themselves and other stockholders, against the New York and New England Railroad Company and Henry Lippitt and others, trustees under certain mortgages of portions of the Hartford, Providence, and Fishkill Railroad, in Connecticut and Rhode Island, who are in possession thereof as trustees. The prayer of the bill is to set aside a certain agreement, lease, and deed from the Hartford, Providence, and Fishkill Railroad Company, to the Boston, Hartford, and Erie Railroad Company, dated August 28, 1863. The New York and New England Railroad Company claims under an assignment of the so-called Berdell mortgage, executed by the Boston, Hartford, and Erie Railroad Company upon the whole road, and is in possession of the *Page 221 
portion of the road in Massachusetts. The assignees in bankruptcy of the Boston, Hartford, and Erie Railroad Company have also been authorized by the Court of Bankruptcy to sell said Boston, Hartford, and Erie Railroad to the New York and New England Railroad Company, but have never, so far as appears, transferred the same. The bill also prays that the complainants may be decreed to be the lawful owners on redemption of the valid mortgages, and may be permitted to redeem and for an account.
To the complainant's bill, the New York and New England Railroad Company pleads that before the filing of the present bill Charles S. Bradley and others, assignees in bankruptcy of the Boston, Hartford, and Erie Railroad Company, filed their bill in the United States Circuit Court for the district of Rhode Island, against the Hartford, Providence, and Fishkill Railroad Company, the trustees of the mortgages on the portions of the road lying in Connecticut and Rhode Island, made by the Hartford, Providence, and Fishkill Railroad Company, and the trustees under the so-called Berdell mortgage made by the Boston, Hartford, and Erie Railroad Company, claiming the right to redeem the Hartford, Providence, and Fishkill Railroad from the various mortgages, and for an account and for further relief; that the said respondents have been cited and have appeared; that the bill is still pending, and that the said Circuit Court has jurisdiction of the parties aforesaid, and of the entire subject-matter of said suit; that the respondents included all who had then asserted any right to the equity of redemption; that the trustees under the Berdell mortgage have since conveyed said mortgage to the New York and New England Railroad Company; that with the substitution of parties thus made, and with the changes of trustees, the respondents named in the present bill are identically the same as in the bill pending in the Circuit Court; that thereby the said Circuit Court had acquired jurisdiction of the controversy and of the subject-matter thereof before the present bill was filed; that the complainants in the present bill had not then set up any right of redemption and could not then be made parties to that bill, but that they are sufficiently represented by the Hartford, Providence, and Fishkill Railroad Company, in which they are stockholders, and they *Page 222 
should set up their claims by proceedings in the suit now pending in the said Circuit Court.
This plea is set down for argument, and the question, and the only question, is, Is it sufficient?
Briefly stated, the point made by the plea is, that the United States Circuit Court has, by a suit previously commenced, obtained jurisdiction of the parties and subject-matter.
The general rule is well settled as to courts of concurrent jurisdiction; that the court which first obtains jurisdiction of the parties and subject-matter is entitled to retain it, and decide the controversy between them. In all matters, excepting such as arise under the Constitution and laws of the Union, the courts of the United States and of the States are courts of concurrent jurisdiction.
But this rule can only be properly applied where not only the subject-matter, but also the parties, are the same. In all suits except such as are technically proceedings in rem, a decree can bind only the parties before the court and their privies. And this privity exists only in cases of mutual or successive relations to the property. It is founded on the presumption that the privies are identical in interest with the parties, and it cannot be extended farther. 1 Greenleaf on Evidence, § 189; Freeman on Judgments, § 162; Hunt v. Haven, 52 N.H. 162; 2 Smith's Lead. Cas. 7th Amer. ed. 624, 626, 800, and it would be difficult to say that there is any privity of interest in the present case. It is very evident that the rights of certain stockholders of the Hartford, Providence, and Fishkill Railroad Company, who have not exchanged, but still hold their original stock, may be very different from, and even adverse to, the interests of the majority represented by the directors who have the control of the corporation, and they are allowed in such cases to sue separately from the corporation for that very reason.
Has the United States Circuit Court obtained jurisdiction of the subject-matter, and of the parties of this suit, so that the general rule will apply to it?
The parties are not the same. The suit in this court is by the stockholders of the Hartford, Providence, and Fishkill Railroad Company, who are not parties to the other suit unless they are represented by the Hartford, Providence, and Fishkill Railroad *Page 223 
Company as a corporation. But the very ground of their suing here is that they have called upon the directors to protect their rights and the directors have refused to do so. And the rights of those stockholders as stockholders have been reserved and protected in several decrees, and we think that fact alone would give them a standing in a court of equity, and if a proper case is made, they would be entitled to relief as stockholders. To hold in such circumstances that a decree in a suit against the Hartford, Providence, and Fishkill Railroad Company, controlled by its directors, and to which these stockholders, although having an adverse interest, were not parties, could control the rights of these stockholders, would seem inconsistent with the principles which should govern courts of equity.
Could these complainants as stockholders come in as parties in the suit in the Circuit Court?
The complainants well say that if they were admitted as co-complainants, their interests would be adverse to the interests of the other complainants; if admitted as respondents, even if they prevailed, the only effect would be to dismiss the complainants' bill; and it would be only by a cross bill that they could set up their claims.
By the recent amendment to our law, Pub. Laws R.I. cap. 563, April 20, 1876, no cross bill is any longer necessary, and any person not a party to a bill may be allowed to become a party. If these provisions had been adopted in the practice of the United States Courts, a remedy might be had there; but they have not been. The respondents here offer to consent that the complainants may appear there and be admitted as parties, and then they could file a cross bill. But we do not think the complainants should be compelled to rely for their rights on the mere consent of parties, even if consent could give jurisdiction.
It is true that in Freeman v. Howe, 24 How. U.S. 450, 456, the United States Supreme Court says that persons claiming the property, and who are not original parties, may intervene in a case of attachment, without regard to citizenship. That was a case of attachment, and the court intimates, page 460, that the same remedy may be had in some other cases. But in Buck v.Colbath, 3 Wall. 334, 345, the court, referring to this, says: "The proceeding here alluded to is one unusual in any court, *Page 224 
and is only to be resorted to in the federal courts in extraordinary cases, where it is essential to prevent injustice by an abuse of the process of the court which cannot otherwise be remedied," c.
It is suggested that the Hartford, Providence, and Fishkill Railroad Company and the assignees of the Boston, Hartford, and Erie Railroad Company are necessary parties to this bill. But that question is not now before us.
But it is contended that the United States Circuit Court has acquired jurisdiction of the subject-matter. It is said that the proceeding is in the nature of a proceeding in rem.
Proceedings in rem properly include only those cases where, from motives of public policy, a judgment is held good against all the world, whether parties or not, such as certain admiralty proceedings, marriage, divorce, c. The present suit is by no means a proceeding in rem. Even a decree on a bill to foreclose is not strictly a proceeding in rem, and can have no other effect than to bar a right of redemption, unless the land be sold, and can in no case bind any one not a party or privy to it. And a bill to redeem still less resembles such a proceeding. Its object is to compel a person to accept a certain sum of money, the effect of which is to release a claim upon property. A surrender of the property may follow, but neither that nor any other proceedings could bind those not parties to it.
Under the English practice, even on a bill to foreclose, the court does not deliver possession to the complainant, but leaves him to his action of ejectment at law. 2 Jones on Mortgages, § 1562.
If any court is in possession of property, either by attachment, appointment of a receiver or otherwise, no other court ought to attempt to interfere with it. But it is difficult to see the propriety of a receivership in the present case. If it were a suit to foreclose, and the mortgagor in possession was receiving rents and profits for which he might be unable to account, there might be some ground for it. But on a bill to redeem, when it is admitted there is a sum due to the mortgagee, there can be no ground for one unless the mortgagee is mismanaging the property. If, indeed, two parties claimed the right to redeem, the contest might be prolonged until the income had paid or more *Page 225 
than paid the mortgage, and then a court might take possession of the property.
It is said that the complainants here claim a right to redeem, and that the same question must arise and be settled in the other suit. Not necessarily. The holders of the Berdell mortgage, and of rights subsequent to those of the complainants, apply in that suit to redeem. Having a prima facie right, there is no reason why they should not be allowed to redeem immediately and settle the other questions afterwards; and even if their mortgage or other title should subsequently be declared invalid, they ought to be subrogated to the rights of the holders of the mortgage which they pay. On any other ground the contest might be indefinitely prolonged until all parties could be brought in and compelled to assert their claims, and the property wasted in the litigation.
Many of the cases cited before us are cases where the officers of one court were actually in possession of property, and an attempt was made by the officers of another court to take the possession from them. And as regards this question, it seems now well settled that it cannot be done, although the Supreme Judicial Court of Massachusetts once decided otherwise.[1] See cases cited in Chapin v. James, 11 R.I. 86, and Redfield's note on this case in American Law Register N.S. vol. 14, page 214, April, 1875.
It has been argued that the suit in the Circuit Court has been abated by the transfer of all the complainant's right. The bill does not allege such a transfer, and the abatement of that suit is a matter for the decision of the Circuit Court, and not for us.
And it has been argued by the respondents that the court should dismiss this bill for laches appearing on its face. Laches appearing on the face of a bill, as here the delay of thirteen years, might be a ground of demurrer if nothing was alleged in the bill to obviate the effect of them. Story's Eq. Plead. § 503. The complainants here do indeed allege their ignorance of the fraud charged, and whether they sufficiently allege it we need not now decide.
Counsel for the respondents have remarked upon the mode in *Page 226 
which the complainants' bill has been amended by incorporating into it allegations of facts which have occurred since the date of the bill, thus presenting an apparent absurdity. The bill was filed December 31, 1875, and was amended March 5, 1878.
The English Act 15 16 Vict. cap. 86, § 53, A.D. 1852, based upon the report of the chancery commission of January 27, 1852, in order to simplify chancery suits, and to lessen the expense of them, dispensed with supplementary bills. Our Act, Pub. Laws, cap. 563, April 20, 1876, has done the same, and allows supplementary matter to be introduced by amendment. But the law merely says that a supplementary bill shall not be, as heretofore, absolutely necessary. It may still in some cases be proper.
The apparent incongruity might be avoided by filing separately all amendments which introduce subsequent facts, instead of incorporating them into the bill. The record would then read when drawn up by the clerk, that on A.B. filed his bill of complaint alleging, c., and that subsequently the complainant filed in court, by way of amendment to his said bill, certain additional allegations, viz. Thus the record would state the case as it actually was, and there would be no incongruity in dates.
But the only question now before us being the sufficiency of the plea, we think it must be overruled.
Decree overruling plea.
[1] Howe v. Freeman, 14 Gray, 566. See 11 R.I. 90.