WILLIAM LARKINS and others v. JOHN BULLARD and others.

*Infants—Vacation of Judgment.*

A judgment taken against infant defendants is irregular and may be set aside at any time, where it appears there was no service of process upon them and no guardian appointed to protect their rights.

(*White* v. *Albertson*, 3 Dev., 241; *Mason* v. *Miles*, 63 N. C., 564; *Pearson* v. *Nesbitt*, 1 Dev., 315; *Keaton* v. *Banks*, 10 Ired:, 381, cited and approved).

MOTION to set aside a judgment heard at Fall Term, 1882, of SAMPSON Superior Court, before *MacRae, J.*

The plaintiff began an action in 1871, in the superior court of Sampson county, against John Bullard, for the recovery of a tract of land. At the return term he answered, and the cause was continued from time to time until spring term, 1874, when an order was made directing Marcus, Irene, Virginia, Lewis and Thomas Bullard, children of the said John, to be made parties defendant, with leave to file answer.

At spring term, 1875, judgment was rendered that the plaintiffs recover the land of the defendants, which upon its face purported to have been rendered for want of an answer·as to all the defendants, except the said John, and as to him there was a verdict finding that he was in possession of the land and unlawfully withheld the same.

Subsequently, John Bullard died, and in 1879 his said children gave notice to the plaintiffs of a motion to set aside the judgment, which motion was heard at fall term, 1882, when, after considering the affidavits and counter-affidavits filed by the parties and examining the dockets, the judge below found the facts to be as follows:

At the time the children of John Bullard were directed to be made parties, and also at the time the judgment was rendered against them, they were all infants and without any general guardian. They were not served with any process in the cause,

nor was any guardian *ad litem* appointed for them, or any answer filed for them. Their names nowhere appeared as defendants upon the docket of the court, and no attorney professed specially to represent them, though they were in fact represented by the attorney of their father, at whose instance alone they were ordered to be made parties. After the judgment, and before the notice to set it aside was issued, the plaintiffs were put in possession of the land under a writ of possession issued on the judgment, and under an execution issued thereon the costs of the action and a portion of the damages assessed by the jury, have been collected from the father and his sureties on the bond given to defend the action.

Upon the foregoing facts the judge below directed the judgment to be set aside as to the infant defendants, leaving it to stand as to John Bullard, and from this ruling the plaintiffs appeal.

*Mr. D. J. Devane*, for plaintiffs.
No counsel for defendants.

RUFFIN, J.    The finding of the court seems to go to the length of saying that, notwithstanding the order directing it to be done, the infant children of John Bullard were never in fact made parties to the action, or any defence made for them; and if so, then, under the authority of *White* v. *Albertson*, 3 Dev., 241, the judgment against them was absolutely void *ab initio*, and it was proper to give them relief by directing the same to be vacated as to them. *Mason* v. *Miles*, 63 N. C., 564.

But supposing it to be otherwise, and that they could be made parties by having an appearance entered for them by an attorney, the judgment would still be clearly irregular, as being rendered contrary to the express provision of the statute and the uniform course of the courts. No court, with us, is authorized or accustomed to enter judgment against infants without the appointment of some one specially charged with the duty of

protecting their rights; and this must have been known to the plaintiffs and their attorneys when they procured the judgment to be signed—that they were getting a judgment such as the court ought not to grant, and such as it would not have granted, if rightly informed of the condition of the parties. Being then irregular, there can be no doubt of the power of the court to set it aside.

Neither have the parties lost their right to be thus relieved by the court by their delay in seeking it. In *Pearson* v. *Nesbitt*, 1 Dev., 315, the judgment was set aside, upon the score of its irregularity, after the lapse of seven years; and so it was done in *Keaton* v. *Banks*, 10 Ired., 381, after eight years had transpired, and after the judgment had been fully satisfied by a sale of property under an execution issued thereon. It would be a plain violation of right to leave the judgment standing, so as to operate as an estoppel upon these infants, when the court can see that no real defence was ever made for them. The case of *Mason* v. *Miles*, *supra*, is an authority for vacating the judgment as to some of the defendants, and leaving it to stand as to others.

The act of 1879, ch. 257, professing "to cure irregularities in certain judicial proceedings," cannot help the plaintiffs in this case; for that in terms applies only to cases in which the summons was issued, rightly naming the parties, but by some accident was omitted to be served.

There is no error, and the judgment of the court below must be affirmed.

No error.                                             Affirmed.