## KLANIAN v. NEW YORK LIFE INS. CO.
### No. 89.

District Court, D. Rhode Island.

May 19, 1941.

James A. Higgins (of Perkins, Higgins & McCabe), and Jasper Rustigian, both of Providence, R. I., for plaintiff.

Charles R. Haslam and Harry A. Tuell (of Haslam, Arnold & Sumpter), both of Providence, R. I., for defendant.

HARTIGAN, District Judge.

This matter was heard on the defendant's motion to dismiss.

The complaint concerns two policies of life insurance, issued by the defendant on the plaintiff's life, in the respective amounts of $2,000 and $3,000. The plaintiff seeks to recover disability payments of $50 a month from May 15, 1940, to date of judgment. The plaintiff also seeks additional relief, namely: (1) A decree that the policies are in full force; (2) A decree ordering the defendant to continue to pay the plaintiff the monthly disability payments; (3) A decree requiring the defendant to waive the payment of premiums by the plaintiff during the period of plaintiff's disability; and (4) An injunction to restrain the defendant from lapsing or cancelling the policies for nonpayment of premiums.

The grounds of said motion to dismiss are:

1. To dismiss the action because it appears from the complaint that plaintiff has elected to prosecute his claim in the state courts of Rhode Island, and has already obtained a decision against defendant in the District Court for the Sixth Judicial District, after a full hearing thereon.

2. To dismiss the action because it appears from the complaint that the action started by plaintiff in the state courts of Rhode Island is now pending in the Superior Court of said State, after a full hearing on the merits in the said Sixth District Court, and on grounds of comity this court should decline to entertain the present action while the action in said Superior Court is still pending.

The defendant's motion to dismiss is based upon the allegations contained in paragraph 13 of the complaint, which reads as follows:

13. Plaintiff instituted an action at law on August 14, 1940, to recover the monthly disability payments to said date under said policy. Said action was returnable to the District Court of the Sixth Judicial District of the State of Rhode Island August 29, 1940. Said action was tried October 29, 1940, and resulted in a decision for the plaintiff, from which decision defendant seasonably appealed to the Superior Court for the County of Providence, State of Rhode Island, in which court said action is now pending.

The complaint discloses that the chief issues in the case were the applicability of

778

the incontestable clause and a question of rescission.

It is admitted that the action is in personam and that the matter in controversy is within the court's jurisdiction.

The question confronting the court is whether the court should exercise its jurisdiction under these circumstances.

The defendant, in support of its motion, argued that the plaintiff has elected to prosecute his claim in the state courts of Rhode Island and that on grounds of comity this court should decline to entertain the present action while the action in the state courts is still pending.

The plaintiff argues that the defendant's motion to dismiss does not set forth that the same cause of action is involved in the action pending in the state courts and in this action, and that the plaintiff has the right to maintain actions against the defendant in two or more jurisdictions at the same time, even though the same cause of action be involved and that the defendant, if any of the actions reaches the stage of final judgment, may then file a special plea in the action or actions that have not yet reached the stage of judgment.

Some of the issues in the two actions are substantially the same even though the plaintiff in this action seeks broader and more comprehensive relief than he seeks in the state court action.

In the case of Boston & P. R. Corp. v. New York, Etc., R.R., 12 R.I. 220, 222, the court said: "The general rule is well settled as to courts of concurrent jurisdiction; that the court which first obtains jurisdiction of the parties and subject-matter is entitled to retain it, and decide the controversy between them. In all matters, excepting such as arise under the Constitution and laws of the Union, the courts of the United States and of the States are courts of concurrent jurisdiction."

The plaintiff elected to bring his action in the state court in the first instance where a trial has already taken place in the District Court of the Sixth Judicial District and the matter is now pending in the Superior Court where it will be heard de novo.

In the case of Vanderwater v. City Nat. Bank of Kankakee, Ill., D.C., 28 F.Supp. 89, 92, the court said: "This court is loath to attempt to determine the extent of and limitations upon the State Court's jurisdiction. There must be comity and proper courtesy between the State and Federal Courts, and to me it seems unseemly that this court should proceed to determine whether the State Court has jurisdiction of certain issues when that court must of necessity decide that question for itself."

In the case of McLeod, Sheriff v. Majors, 5 Cir., 102 F.2d 128, 129, the court said: "A Federal Court, in the exercise of comity, should not interfere with the orderly administration of justice in a state court except in a plain case showing exceptional circumstances warranting such interference. United States ex rel. Kennedy v. Tyler, 269 U.S. 13, 46 S.Ct. 1, 70 L.Ed. 138."

Upon careful consideration of all the circumstances, I consider it my duty in courtesy to the state Superior Court to hold in abeyance the plaintiff's suit until an adjudication of the pending cause in the state court.