H. P. WHITEHURST, Trustee of S. E. COHEN v. ELIZA B. GREEN, Ex'r.

A perpetual injunction against issuing an execution on a judgment at law, granted upon *motion* and *affidavits* is erroneous. It is not in accordance with any allowable mode of proceeding under the old system or the new.

This was a MOTION for a perpetual injunction against the issuing of an execution on a judgment at law, heard upon affidavits by his Honor, *Watts, J.,* at the last Superior Court of CRAVEN county.

The judgment had been obtained in a suit commenced before the adoption of the C. C. P., upon a bond given by the defendant's testator to one Adolphus Cohen, and by him assigned to the plaintiff. On the trial of that suit the defendant's counsel contended that the bond was given for the purchase of a lot of land which the plaintiff's assignor had contracted to sell to the defendant's testator, and to which the obligee in the bond had no title. The plaintiff's counsel objected to the evidence offered to prove the defense, saying that it was of an equitable nature, and could not be admitted in a trial at law under the old practice. The Judge, however, admitted the evidence, but the jury found a verdict for the plaintiff, upon which he had a judgment.

The motion for a perpetual injunction against this judgment founded upon affidavits, was granted by his Honor, and the plaintiff appealed.

No counsel appeared for the plaintiff in this Court.
*Haughton,* for the defendant.

PEARSON, C. J. This case presents errors, irregularities and informalities such as we had not supposed could occur in January, 1873—after the profession were presumed to have become somewhat familiar with the workings of the C. C. P.

The action was commenced before the adoption of the

C. C. P., and as an existing suit was to be conducted up to final judgment according to the old mode of procedure, consequently his Honor erred in holding " that any equitable defense was admissible to defeat the action on the note." But this error is corrected by the verdict in favor of the plaintiff for the amount of the note and interest.

We assume from the subsequent action that the plaintiff had judgment on the verdict, and we assume also that the amendment offered by the counsel of defendant, to the statement of the case made out by the counsel of the plaintiff, was accepted ; but *there is no entry to that effect,* and we must remind the gentlemen of the Bar that such want of attention to the formal mode of procedure is the source of much perplexity and embarrassment to this Court. Counsel are paid for this labor, and ought to devote it to the preparation of their cases.

Making an order, decree or judgment, by whatever name it may be called, for a *perpetual injunction* against issuing an execution on a judgment at law, heard upon a *motion* and *affidavits,* is a proceeding without precedent in the annals of judicial procedure in any Court claiming an English original.

Under the old system the course was to file an original bill in equity praying for a decree that the contract of purchase be rescinded, on the ground that the vendor could not make title, and in the meantime for an injuction until the final hearing.

Under C. C. P. the course is a civil action commenced by summons and a complaint demanding judgment that the contract of purchase be rescinded, and for a restraining order and an injunction on notice until the final hearing.

Our surprise that the learned Judge should have granted a *perpetual injunction* on motions and affidavits, is only equaled by our surprise that the learned counsel should have made the motion. We are unable to account for a

proceeding so irregular and unprecedented except on the supposition that as the action on the note was under the old mode of procedure, his Honor and the counsel took it for granted that in this state of *transition* all forms might be disregarded. It may be that the order for a perpetual injunction meets the merits of the case, but that cannot warrant a departure from all forms and precedent, either under the old or the new mode of procedure.

Order of the Superior Court granting the motion for a perpetual injunction reversed.

This will be certified to the end that a motion for a perpetual injunction be refused without prejudice to the right of the defendant to demand a rescission of the contract of purchase according to the course of the Court, and in the meantime for a restraining order and injunction on notice.

Error.

PER CURIAM.                                    Judgment reversed.