F. S. FAISON *v.* R. D. McILWAINE and others.

No party to a suit is permitted, by a new and independent action, to pray for an injunction to seek any relief which he might obtain by a motion in the original cause.

*It is error* to grant an injunction staying execution on a judgment in the absence of notice to the plaintiff, and of an affidavit stating a definite sum by way of set-off claimed; or to stay execution upon a judgment under an undertaking in a less sum than such judgment.

*It is error* also to refuse a motion to vacate an injunction when every material allegation in the complaint is positively denied by the answer.

(*Mason* v. *Miles*, 63 N. C. Rep. 564; *Jarman* v. *Saunders*, 64 N. C. Rep. 389; *Whitehurst* v. *Green*, 69, N. C. Rep. 131, cited and approved.)

CIVIL ACTION, applying for an injunction against the collection of a certain judgment, tried at the Spring Term, 1874, of NORTHAMPTON Superior Court, before his Honor, *Judge Albertson.*

On the 18th day of October, 1873, the plaintiff commenced by summons a civil action, returnable to Spring Term, 1874, of the Superior Court, and upon a sworn complaint, prayed his Honor to grant an order of injunction, restraining the collection of an execution, which had been issued on a judgment, which the defendants in this action had obtained against him at Spring Term, 1873, of the said Court, for the sum of $1,879.80 and costs.

Upon the plaintiff's affidavit, his Honor granted the injunction. At Spring Term, 1874, a motion was made, founded on affidavits, to vacate said injunction:

1. Because it was improvidently granted.

2. Because every material allegation in the complaint, was fully and positively denied by the answer; and

3. Because the plaintiff's remedy, if he has any, was by a motion in the original cause.

His Honor denied the motion, and made the following order :

" Notice having been given the plaintiff, and the motion coming on to be heard, &c., and being considered by the Court, the motion to vacate the judgment is denied, and it is ordered and adjudged, that the execution be superseded and recalled. And to give effect to the agreement of parties and the conditions annexed to said judgment, it is ordered and adjudged, that the parties select each an arbitrator, within thirty days after the expiration of the present term, who shall, upon notice given of time and place of setting, proceed to pass upon and determine the validity and amount of the claims of the defendant," (the present plaintiff,) " as stated in said agreement and in case of disagreement, that they appoint an umpire ; and that they make their award and return the same to the office of the Superior Court Clerk as soon thereafter as practicable ; and that the amount so ascertained and awarded be entered as a credit on the plaintiffs' judgment, and that the plaintiffs have execution for the residue of said judgment, reduced by the sum so awarded by the arbitrators as aforesaid," &c.

From this judgment, the defendants appealed.

The agreement above alluded to, was in effect, that although a judgment was taken against the plaintiff in this action at Spring Term, 1873, still execution was not to issue until a certain time, and in the meanwhile he was to submit whatever sets off he might have to such judgment, to arbitration.

*R. B. Peebles*, for appellants.
*W. W. Peebles* and *Smith & Strong*, contra.

RODMAN, J. It is well established in this State, that no party to a suit, is permitted by a new and independent action praying for an injunction, to seek any relief which he might obtain by motion in the original action. *Mason* v. *Miles*, 63 N. C. Rep., 564; *Jarman* v. *Saunders*, 64 N. C. Rep., 367.

In this last case, a proceeding like the present, was regarded as a motion in the original action, but the decision on that point of practice, was there put on the ground, that the Code

of Procedure had been but recently introduced, and the practice arising out of it could not be supposed to be known to the profession universally. That excuse for irregularity should by this time have ceased to exist.

The present plaintiff might have obtained the relief he seeks by a motion in the original action, as upon an *audita querula*, which the Judge would have allowed on such terms as might be just. Waiving however this objection to the proceedings, his Honor was clearly improvident, in restraining " all proceedings whether of sale or *otherwise*," on the judgment in the original action. Whether we consider it as an original action for an injunction, existing outside of and additional to the cases mentioned in section 189 of Code of Civil Procedure, or as a motion to stay execution, it is open to the same substantial objections. It was issued without previous notice to McIlwaine, and for an indefinite time. (C. C. P., sec. 349.) But independent of these objections, and considering the propriety of issuing it on the assumed truth of Faison's affidavit, he shows no ground *for such an injunction as was ordered.* By the agreement McIlwaine was to have execution after Fall Term, 1873. Faison alleges no ground for staying execution except,

1. That McIlwaine had failed to name an arbitrator upon his offer to name one within twenty-four hours after McIlwaine had done so. By the agreement, it was not provided that either party should take precedence in naming an arbitrator. As it was most to the interest of Faison to have the arbitration, it may be that it was his duty first to name one. But supposing the default in this respect equal, there was nothing in it to deprive McIlwaine of his stipulated security by an execution and levy.

2. He alleges that he has effects and counter-claims which he believes and alleges would *greatly reduce the judgment.* He admits that if all his counter-claims were allowed, there would still be a balance against him.

He does not name any amount for his set offs and counter-

claims, which certainly ought to have been within his knowledge. If a precise sum had been stated as the set off, it would have been proper for the Judge to have required an undertaking in that amount, and to have permitted McIlwaine to proceed with his execution for the residue. In this way the rights of both parties would have been secured. By what means the Judge came to the conclusion that Faison had a just or probable set off to the amount of $1,289.00, we do not know. Nevertheless he restrained McIlwaine from levying for any part of his judgment for $1,789, and required Faison to give an undertaking for only $500.00, leaving the residue of the judgment wholly unsecured. We think the Judge erred in granting an injunction against any part of the judgment, in the absence of an affidavit to a definite sum by way of set off, and especially in staying execution upon the whole judgment, upon an undertaking for much less than its amount. This Court had occasion in *Whitehurst* v. *Green*, 69 N. C. Rep., 131, to remind the Judges of the Superior Courts of the danger of hasty and improvident orders of injunction, especially when made without notice to the adverse party. Constant experience makes the necessity for caution more apparent. By the law before the Code of Civil Procedure, no injunction could be obtained against a judgment for money, except on giving a bond in double the amount of the judgment. By the Code of Civil Procedure the amount of the undertaking in such cases is left discretionary with the Judge, which is the better way, if the Judge will take the time to give the case a sufficient consideration.

At Spring Term, 1874, the defendant (McIlwaine) filed an answer denying the alleged counter-claim of Faison, and moved to vacate the injunction. This his Honor refused to do, and ordered that the parties appoint arbitrators according to their agreement, from which order McIlwaine appealed to this Court. If the original injunction was improvident, *a fortiori*, the Judge erred in refusing to vacate it after the answer. He should have required Faison to state definitely the

amount of his counter-claim, and have allowed execution for the admitted excess.

It is not material in revising his Honor's judgment, but it may be well enough to state that after the judgment appealed from, the arbitrators decided that Faison had counter claims to an amount less than $500, leaving a residue of over 1,289.00 due to McIlwaine.

The Judge erred in ordering the injunction, and also in refusing to vacate it.  Let this opinion be certified.

PER CURIAM.                                     Injunction vacated.