The appeal in this case is taken from an order of the judge at Chambers making perpetual an injunction upon the hearing of a motion by the appellant to dissolve the same. *Page 335 
Upon a review of the record presented to us, and upon consideration of the ruling of his Honor, we think he erred in refusing to dissolve the injunction. The application to stay the execution, regularly issued upon a judgment at law, because the sheriff has levied upon property not subject to the execution, or because the property belongs to another than the defendant in the judgment, is a procedure unknown to our practice. There may be cases where personal property is levied upon and about to be sold, and the plaintiff and sheriff are insolvent, that the restraining power of a court of equity may be invoked to prevent an irreparable injury. But as land cannot, like personal property, be removed, there cannot be the same reason for the interference of a court of equity.
We cannot see how the sale of the land, although it may not be the subject of sale under execution, can work an irreparable injury to the defendant in the execution, for the sale and sheriff's deed has no other effect than to pass such interest as the defendant had at the time of the sale, subject to execution. A vested remainder may be sold under execution, but a contingent remainder cannot. If then the affiant in this case has a vested remainder it may be sold, but if his interest is a contingent remainder it cannot; and not being the subject of execution, the sheriff's deed would pass nothing, and when the remainder should fall in after the sale upon the happening of the contingency, the remainderman would hold the land the same as if there had been (387) no sale. Watson v. Dodd, 68 N.C. 528.
That was a case where an action was brought to subject the interest of the defendant in a tract of land to the payment of the plaintiff's judgment, and the interest of the defendant was a contingent remainder. It was held that "such contingent interest not being assignable at law, it follows as a matter of course that it cannot be sold under execution." AndPearson, Chief Justice, speaking for the Court, said, "the action is of the first impression. No authority was cited in support of the position, and we presume the diligent counsel of the plaintiff was unable to find a case in which the power was ever exercised."
A sale under an execution upon a judgment which is a general lien on all the property of the debtor vests only the interest of the debtor at the time the judgment lien attaches, or such as the debtor might have conveyed by a suitable instrument for a valuable consideration. It is limited to and can rise no higher than that of debtor; a stream cannot rise higher than its fountain. A purchaser under an execution takes all that belongs to the debtor, and nothing more. Herman on Executions, sec. 360. If he has no interest subject to execution, of course nothing passes by a sale, and no injury can result to the affiant except, perhaps, *Page 336 
to expose him to an action at law to recover the land, if he should be in possession when the remainder falls in, or to the necessity of bringing an action if the purchaser should get into possession. But that is the only and proper procedure for settling the question of title involved in this proceeding. It cannot be done in this novel and summary way. It has no sanction in practice or authority.
Courts of equity have always been cautious in interfering with judgments at law; thus it is held that when courts of law afford ample and sufficient remedy for such grievances as may arise in the enforcement of judgments, equity will not interfere, High on Injunctions, sec. 98, and in Whitehurst v. Green, 69 N.C. 131, in the opinion by Pearson, Chief Justice, this Court held that "a perpetual injunction (388) against issuing an execution on a judgment at law, granted upon a motion and affidavit, is erroneous. It is not in accordance with any allowable mode of proceeding under the old system or the new."
Our conclusion is there was error in the ruling of the judge of the Superior Court in refusing to vacate the restraining order and in granting a perpetual injunction. Let this be certified to the Superior Court of Burke County.
Error. Reversed.
Cited: Gatewood v. Burns, 99 N.C. 363; Bruce v. Nicholson, 109 N.C. 205;Bostic v. Young, 116 N.C. 769; McLean v. Shaw, 125 N.C. 492;Hodges v. Lipscomb, 128 N.C. 63; Spence v. Pottery Co., 185 N.C. 222;Eaton v. Doub, 190 N.C. 21; Winchester-Simmons Co. v. Cutler, 199 N.C. 713.