H. C. ECCLES v. STEPHEN TIMMONS et als.

*Judicial Sale—Purchaser at.*

Where, in a proceeding to sell land by decree of a Court, the pleadings and proceedings purport to sell a perfect title, a purchaser at such sale will not be required to pay the money and take the land, if it turns out that the title is imperfect; but where the true state of the title is set out in the pleadings, he will not be released from his bid, if the title is not good.

(*Smith* v. *Brittain*, 3 Ired. Eq., 347; cited and approved).

Appeal from an order made by the clerk in a special proceeding pending in the Superior Court of MECKLENBURG County, heard by *Shipp, Judge*, at Chambers.

The plaintiff alleges that he, as owner of an undivided moiety of the land in his petition described, consisting of several parts, and lying in the city of Charlotte, is a tenant in common with the defendant, to whom the other moiety

belongs, and demands a partition thereof, which cannot be effected, except by sale, without injury to the interest of the tenants. The petition avers that the defendant's title is derived under a deed made by S. M. Timmons, a previous proprietor, on May 5th, 1886, of which a copy is annexed, conveying said moiety to the use of the defendant, S. F. Timmons, for life, and afterwards to the use of the infant defendants, her children. The adult defendants, Stephen and wife, file their answers, as do the infant defendants by their guardian *ad litem*, not controverting the material allegations of the plaintiff. The decree of sale was accordingly made, and commissioners appointed for that purpose, who were directed to sell on a credit of six months for four-fifths of the purchase money, and to require a cash payment of one-fifth, the deferred payments being secured by notes, bearing interest at the rate of eight per cent. per annum.

The sale was made, with a report thereof, of the premises in three parts, and they say the purchasers have complied with the conditions and terms of sale, and that the parcels brought a fair and reasonable price, and they recommend confirmation. The report of the sale of that portion from which the appellant seeks to be relieved, is in these words: "And at the same time and place, T. M. Hargett became the highest and last bidder, in the sum of six hundred and five ($605) dollars for that lot of land and premises in said square No. 69, beginning at a stake, the corner of the first named lot on Second street, and runs with the line of said first named lot purchased by H. C. Eccles, to a stake on Haltom's line; thence with Haltom's line northwest 66½ feet to a stake in said line; thence parallel with Church street 78½ feet to Second street; thence with Second street to the beginning."

The report of the sale was confirmed, there having been no exceptions entered thereto.

On July 14th, 1886, the commissioners issued a notice to T. M. Hargett, the purchaser of lot No. 2, of an intended

motion for judgment against him for $1,105, less a credit of $221, the same being the unpaid purchase money, with interest from June 1st, 1885.    To this motion, an answer was put in as follows:

" T. M. Hargett, responding to the motion for a summary judgment against him upon the notes given for the unpaid purchase money for lots No. 2 and 3, purchased by him as set forth in report of commissioners, says:

"That this respondent is ready and willing to perform said contract on his part, and pay the balance of said purchase money due upon the notes he gave therefor, if a good and sufficient title to the property he purchased could be made to him by this Court.    That in said proceeding and decree thereon, this Court, as respondent is advised and believes, undertook to convey to the purchasers of said lands the whole right, title and interest in said lands, and it was averred that the whole interest in same was in the parties then before the Court.    Respondent is advised and believes, that under his said purchase and the deed which the commissioners propose to execute to him, he will not get a good title to the one undivided half interest of the said property, and he attaches to this answer a copy of the deed from S. M. Timmons to his wife S. F. Timmons, and the other defendants, his children, now living.

"Respondent avers, as he is advised and believes, that under the provisions of said deed, children yet to be born to the said S. M. and S. F. Timmons, may become the owners of the said undivided half interest in said property, and cannot be made parties to said proceedings, and cannot be represented in this Court by any class now before the Court, or be bound by any decree of this Court.

Wherefore, respondent prays that judgment shall not be entered against him on said notes, but that the sale made shall not be confirmed, but same shall be set aside, and respondent be released from all further liability for the purchase money of said land or any part thereof."

The deed referred to in the complaint, and upon the provisions of which resistance is offered to the proposed enforced payment, contains a covenant of seizin made to the two infant defendants, William C. and Charles M. Timmons, with the following declared trusts: " For the uses, interest and purposes hereinafter mentioned, that is to say, to permit the said Sallie, during the term of her natural life, or during the time that she continues my wife or widow, to collect the rents or profits of the said property, and to apply the same towards the maintenance of herself, and the education and maintenance of my children above mentioned, and such as may be hereafter born to me by her, such application of the rents and profits to continue until the youngest child is under (arrives at, is probably meant) the age of twenty-one years ; and then to the use of my said wife and children, now born, or to be born, share and share alike, during the life and widowhood of my said wife; or upon her death or second marriage, then to the use and behoof of my children then living, and to the issue of such as may be dead, to them and their heirs forever, share and share alike, representatives to take *per stirpes.*"

The deed is executed by the defendant, Stephen Timmons, and bears date May 6th, 1876.

Before the clerk, the motion for judgment was denied upon the facts set out in the respondents answer and found to be true, and on appeal to the Judge, the ruling was reversed, and judgment rendered against said Hargett, from which he appeals to this Court.

*Mr. Armisted Burwell,* for the plaintiff.
*Mr. D. G. Fowle,* for the defendant.

SMITH, C. J. (after stating the facts). It will be observed, that the title of the defendant-tenants is set out in the peti-

tion, and a copy of the deed under which they derive it, annexed thereto.

With the information thus furnished or of easy access, the purchaser bids for the lot, pays part of the purchase money, and secures the residue by a note with the allowed credit. This credit expired on December 1st, 1885; and seven months thereafter, when served with a notice of a demand for judgment, for the first time the defence is set up of an imperfect title to the lot.

It is not a case when, upon the face of the pleadings, a perfect title purports to be sold that is afterwards discovered to be defective, when the Court will relieve and not compel the purchaser to pay for what he does not get. But the true state of the title appears in the averments in the petition itself, so that every bidder may know by examination what estate he will acquire in the land, and his bid must therefore be regarded as his own estimate of the value of what he may buy and the Court may direct thereafter to be conveyed.

" A sale by the Master in a case of this kind, (for partition)," says RUFFIN, C. J., in *Smith* v. *Brittain,* 3 Ired. Eq., 347, (351); "is but a mode of sale by the parties themselves. It is not merely a sale by the law, *in invitum,* of such interest as the party has or may have in which the rule is, *caveat emptor,* but professes to be a *sale of a particular estate,* stated in the pleadings to be vested in the parties, and to be disposed of for the purpose of partition only. Thereupon, if there be *no such title,* the purchaser has the same equity against being compelled to go on with his purchase, as if the contract had been made without the intervention of the Court; for in truth, the title has never been judicially passed on between persons contesting it."

So, if a purchaser neglects to look into the title, it will be considered his own folly, and he can have no relief. Sugden on Vendors, 347.

The petition in the present case truly represents the inter-

ests of the parties to the proceeding, and the purchasers, presumed to know the law, buys such as they possess, and therefore ought to pay his bid. We have not laid stress upon the provisions of the deed out of which the difficulty arises, nor to the numerous cases which have been before the Court and are pressed in the argument of appellant's counsel; nor to a possible construction, which puts the legal estate in the covenantees and invests it with the trust declared in the concluding clause of the deed, so that these are represented by the trustees, since it is not material to decide whether a full and perfect title can be transmitted to the appellant, inasmuch as he gets what he bought, and there are no equitable circumstances which entitle him to the relief asked.

There is no error, and this will be certified that the cause may proceed according to law.

No error.                                             Affirmed.