J. H. SIMMONS, and others v. L. D. JONES, and others.

*Special Proceedings for Partition—Amendments—Discretion of Clerk—Conditional Judgments—Judgments in Foreclosure.*

1. In special proceedings before the clerk of the superior court the allowance or rejection of amendments to the pleadings are matters of pure discretion with him.

2. A conditional judgment is one whose force depends upon the performance or non-performance of certain acts to be done in the future by one of the parties.

3. A proviso in a judgment that the defendant shall have further time to perform the judgment and if he does perform it within the specified time no execution shall issue, or his lands shall not be sold under foreclosure, is not a condition; and judgments with such provisions are regular and proper.

4. A judgment which, by its terms, is to become void, if the defendant shall pay so much money by a certain time, is conditional and void.

5. A judgment for partition which directed the commissioners to charge the shares allotted to certain of the parties with certain sums (in accordance with the terms of a will under which all parties to the proceeding claimed) but not to make such charges if the sums so to be charged should be paid before the commissioners acted, is not conditional and void, but regular and proper.

PETITION for partition of land, heard (on appeal from the Clerk) at Special Term, December, 1895, JONES Superior Court, before *Graham, J.*

The facts are stated in the opinion.

*Messrs. J. B. Batchelor* and *R. C. Strong*, for appellants.
*Mr. W. D. McIver*, for appellees.

MONTGOMERY, J.: Amos L. Simmons, in his last will and testament, devised his real estate, one-fourth to his son George, one-fourth to his son Charles, one-fourth to his daughter Elizabeth, wife of Joseph Rhodes, and one-fourth to his grandchildren, Leah, John A., Mary F., Sophia D. and Robert D. Jones. The share of Charles was to be charged with the sum of $270, and the share of Elizabeth with the sum of $450, sums advanced to them respectively by their father in his lifetime, unless they should respectively pay these sums in the lifetime of the testator or afterwards and before the lands should be divided, or unless such amounts remaining unpaid on these advancements should not be paid with their shares of the personal estate.

A petition for partition of these lands was filed before the clerk of the superior court by George and Charles Simmons and Elizabeth Rhodes against the grandchildren above named, and the rights of the parties set out therein in accordance with the provisions of the will, the charges on the shares of Charles and Elizabeth being particularly mentioned. The petition contained no intimation that there was any personal property or money of the estate of the testator in the hands of the executor or any other person with which to pay off the charges on the shares of Charles and Elizabeth. The clerk made the order for partition and adjudged that the shares of Charles and Elizabeth be charged respectively with the sums imposed

SIMMONS *v.* JONES.

upon them under the will of their father. After the order for partition was made, the petitioners, Elizabeth and her husband, moved before the clerk to amend the petition so that it might allege that Mrs. Rhodes be declared " entitled to be accredited as a payment of the amount of money in the hands of the executor to which she might be entitled as legatee or distributee " under the will. The clerk refused to allow the amendment and they excepted to his ruling

If the amendment had been allowed it would not have amounted to an explicit declaration that there was a sum of money in the hands of the executor to which Mrs. Rhodes was entitled as legatee or devisee. As an allegation it was not positive, certain and unequivocal. It was not even an inferential statement of a fact. But, besides that objection to the proffered amendment, the allowance or rejection of it was a matter of pure discretion with the clerk. *Wiggins* v. *McKoy,* 87 N. C., 499 ; *Garrett* v. *Gibbs,* 107 N. C., 303. Rhodes and his wife filed also an exception to the judgment for partition and insisted that it was conditional and therefore void. The judgment, after ordering the partition according to the will of the testator, instructed the commissioners to charge the shares of Charles and Mrs. Rhodes respectively with the sums expressly laid upon them in the will of their father, and simply added a proviso that, if these sums were paid before the commissioners acted, then these shares should be relieved of the charges and the commissioners should not charge them on the shares in their report to the court. The substantial relief sought and the purpose of the proceeding was the partition of the land, the charge for equality only an incident. The judgment for partition remained in full force, whether the amounts charged on the shares of Charles and Mrs. Rhodes were paid or not before

partition was actually made.   Under the will of her father, Mrs. Rhodes had the right to pay the sum charged against her share up to the time of actual partition, and it was proper that the judgment should give her the same right, and that the commissioners should be instructed how to report in case she did or did not pay it before they acted.   There is nothing like a condition expressed in the judgment. An unequivocal and positive order was made for the partition of the land which is the purpose of the action.   The direction to the commissioners as to the charge on the appellants' share is in accordance with the provisions in the will—works no delay and creates no uncertainty.   Nothing remained to be done upon which the judgment was dependent for its force and effect and nothing was left open to defeat its provisions.   A conditional judgment is one whose force depends upon the performance or non-performance of certain acts to be done in the future by one of the parties, e. g. a judgment in favor of A against B for $500, to be stricken out or to be void upon the payment of the amount within sixty days from its date if the defendant shall pay the amount within that time.   Such a judgment would be perfectly good, however, if instead of the condition it contained a proviso that the defendant should be allowed sixty days within which to pay the money, and that in that event no execution should issue.   And, again, if in case of foreclosure of mortgage on real estate for debt a clause should be inserted in the judgment to the effect that the judgment should be void or be stricken out if the defendant should pay the debt within ninety days, such a judgment would be conditional and therefore void; but a clause allowing the debtor ninety days within which to pay the debt, and in default of his paying it within the time allowed requiring the commissioner to proceed to

make the sale, would be unobjectionable and in accordance with the usual practice. There is no error in the rulings of the court below and the judgment is affirmed.

Affirmed.