ABERNETHY LAND & FINANCE COMPANY, JULIUS W. ABERNETHY, FOREST SCHRUM, AND LOUIS SCHRUM v. FIRST SECURITY TRUST COMPANY, ADMINISTRATOR OF THE ESTATE OF JOHN P. YOUNT, DECEASED, AND ADMINISTRATOR OF THE ESTATE OF WILFONG YOUNT, DECEASED, WADE H. LEFLER, CLERK SUPERIOR COURT, CATAWBA COUNTY, O. D. BARRS, SHERIFF CATAWBA COUNTY, AND JOHN R. IRVIN, JR., SHERIFF MECKLENBURG COUNTY.

(Filed 13 April, 1938.)

1. Actions § 10—

An action is not ended by the rendition of a judgment, but is still pending for the purposes of issuing and recalling execution, determining proper credits, or the amount due thereon, and for other motions affecting the existence of the judgment not involving fraud.

2. **Execution § 11—**

> The proper remedy to recall or set aside an execution or a sale made thereunder and to prevent further proceedings is by motion in the cause and not by independent action.

3. **Same: Injunction § 2—**

> Injunction will not lie to enjoin execution sale on a judgment, since there is an adequate remedy at law by motion in the cause to stay or recall the execution.

4. **Execution § 11—Court may consider summons and complaint in action to restrain execution sale as a motion in the original cause.**

> Where a party brings an independent action to restrain levy and sale under execution, the court may, in its discretion, treat the summons and complaint as a motion in the cause, and should not dismiss the proceedings when the ends of justice demand that the cause be retained for the adjudication of the issues raised, and in this case the cause is remanded with direction that the proceedings be considered and treated as a motion in the original cause.

5. **Execution § 21—**

> When a judgment creditor purchases the land of the judgment debtor at the execution sale for a sum in excess of the judgment, the judgment debtor may require the surplus over the judgment applied to other liens against the land when there are no other junior liens against the land.

APPEAL by plaintiffs from *Olive, Special Judge,* at December Term, 1937, of CATAWBA. Remanded.

This is a civil action instituted by the plaintiffs to restrain a levy and sale under execution issued by the defendant Wade H. Lefler, clerk of the Superior Court of Catawba County, on a judgment in favor of the Consolidated Trust Company and against the plaintiffs and to have said judgment cancelled of record.

On 29 June, 1931, Consolidated Trust Company procured judgment against the plaintiffs for $6,750, interest and costs, which was duly docketed in the office of the clerk of the Superior Court of Catawba County. Thereafter on 6 June, 1932, the First Security Trust Company, as administrator of the estate of John P. Yount, procured a judgment against the plaintiffs and one R. M. Yount for $20,000, interest and costs, which was likewise duly docketed. The First Security Trust Company, administrator, caused execution to issue upon its judgment and certain lands of the corporate plaintiff, situate in Catawba County, were sold thereunder. The plaintiff alleges that prior to said execution sale the defendant administrator entered into an agreement with the Consolidated Trust Company, under the terms of which the said administrator was to buy said property at said sale and pay off and discharge the taxes, assessments and the first judgment; that in consideration thereof the Consolidated Trust Company agreed to withhold

FINANCE CO. *v.* TRUST CO.

execution on its judgment and to give the defendant administrator an opportunity to resell said property at private sale in parcels and satisfy the prior liens; that pursuant to said agreement the defendant administrator did buy said property for the sum of $31,000, which was an amount sufficient to pay all liens upon said property; that the defendant administrator, from time to time, sold parcels of said land and paid off and satisfied the first judgment lien, but that instead of having the said judgment cancelled it procured an assignment thereof, without recourse, to the First Security Trust Company, administrator of Wilfong Yount, deceased. The plaintiffs further allege that the agreement entered into between the First Security Trust Company, administrator, and the Consolidated Trust Company inured to their benefit as third party beneficiaries and that they are entitled to have said judgment cancelled.

After the assignment of said judgment the First Security Trust Company, administrator, had a transcript of said judgment docketed in the county of Mecklenburg, and procured the issuance of execution thereon, both to the county of Catawba and the county of Mecklenburg, the plaintiff Julius W. Abernethy owning property in Mecklenburg County. The plaintiffs seek to restrain any sale under these executions.

When this case was called for trial, and after the reading of the pleadings, the defendants demurred *ore tenus,* for the reason that the complaint does not contain facts sufficient to constitute a cause of action and the court does not have jurisdiction, and moved to dismiss for that the remedy, if any, is by motion in the cause and an independent action does not lie. Thereupon the court entered the following judgment:

"This cause coming on to be heard, and the defendants moving to dismiss the action for that the remedy of the plaintiffs, if any, is by motion in the case of "Consolidated Trust Co. *v.* Abernethy Land and Finance Co." *et als.,* and not by independent action.

"The court finds that the parties in this action are different from those in the action of the 'Consolidated Trust Co. *v.* Abernethy Land and Finance Co.,' and the defendants' motion is, therefore, allowed and the action is dismissed."

The plaintiffs excepted and appealed.

*Chas. P. Pruitt and W. C. Feimster for plaintiffs, appellants.*

*W. A. Self, C. David Swift, and H. G. Stephens for First Security Trust Company, administrator of John P. Yount estate and of Wilfong Yount estate.*

BARNHILL, J. An action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until the judgment is satisfied. It is open to motion for execution, for the recall of an exe-

cution, to determine proper credits and for other motions affecting the existence of the judgment or the amount due thereon. *Mason v. Miles,* 63 N. C., 564; *Faison v. McIlwaine,* 72 N. C., 312; *Mann v. Blount,* 65 N. C., 99; McIntosh, Prac. and Proc., sec. 991.

The court from which the execution issued may, for sufficient cause shown, recall or set aside an execution or a sale made thereunder and prevent further proceedings. This is properly done by a motion in the cause and not by an independent action. When the ground alleged for setting aside a judgment, or for cancelling the same of record, is not based upon fraud the proper remedy is likewise by motion in the cause. *Foard v. Alexander,* 64 N. C., 69; *Chambers v. Penland,* 78 N. C., 53; *Parker v. Bledsoe,* 87 N. C., 221; *Henderson v. Moore,* 125 N. C., 383; McIntosh, Prac. and Proc., sec. 735.

It is clear, then, that the plaintiff cannot maintain this action as an independent proceeding for two reasons: (1) This is an injunctive proceeding and the plaintiffs have an adequate remedy at law by motion in the cause, and (2) the relief sought must be obtained by motion in the original cause and not by independent action.

When, however, a party by mistake brings an independent action when his remedy is by motion in the original cause the court may, in its discretion, treat the summons and complaint as a motion. *Jarman v. Saunders,* 64 N. C., 367; *Craddock v. Brinkley,* 177 N. C., 125. In the administration of justice the courts look to the substance rather than to the form, and proceedings will not be dismissed upon mere technicalities when they may be properly retained for the adjudication of the issues raised. The summons and complaint herein should have been treated as a motion in the original cause, to the end that the issues raised by the pleadings may be determined and the rights of the parties adjudicated. The cause is remanded with directions that these proceedings be considered and treated as a motion in the original cause and the restraining order as recalling the execution pending the final determination of the motion. The clerk is not a proper party, and as to him the action should be dismissed. As the Consolidated Trust Company has assigned its judgment without recourse it is not a necessary party.

As the merits of the case have not been determined by the court below, and the rights of the parties depend upon the nature and extent of the agreement entered into by and between the defendant administrator and the Consolidated Trust Company, we refrain from discussing the other questions of law raised in the briefs. It may be appropriate to say, however, that the present record does not disclose any judgments junior to the one obtained by the defendant administrator, and that if in fact the bid at the execution sale was $31,000, as contended by the plaintiffs, nothing else appearing, the plaintiffs, as a matter of law, are entitled

to have the excess over and above the amount necessary to pay the judgment held by the defendant administrator applied to the satisfaction of the judgment obtained by the Consolidated Trust Company.

It is ordered that this cause be remanded for further proceedings in accordance with this opinion.

Remanded.