E. T. WALTON, as Administrator of ELLEN LOWDERMILK CLARK, Deceased, Petitioner, v. NORA CLARK CAGLE and Husband, ELSIE CAGLE, MISS IOLA ETHEL CLARK, ZONA CLARK WRIGHT and Husband, ARTHUR H. WRIGHT, HOBERT RAY CLARK and Wife, EVA CLARK, WILLIAM CLYDE CLARK and Wife, MRS. WILLIAM CLYDE CLARK, HELEN CAMPBELL BARRIER and Husband, HOWARD BARRIER, J. M. CAMPBELL, JR., and Wife, EUNICE CAMPBELL, CHARLES L. CAMPBELL and Wife, MARCELLE CAMPBELL, FRANK CAMPBELL and Wife, LARUE CAMPBELL, DOUGLAS RAY CAMP-BELL (Single) (Minor), REBA ALICE CLARK, (Single), KERMIT H. CLARK and Wife, MOZELLE CLARK, MELBA E. CLARK, (Single), LOWELL CLARK and Wife, JOSEPHINE CLARK, Defendants, and WILLIAM MAXTON WRIGHT, Administrator of the Estate of ZONA CLARK WRIGHT, WILLIAM MAXTON WRIGHT, Individually, and Wife, FRANKYE M. WRIGHT, LOUISE W. PARKS, and Husband, RALPH PARKS, MARGARET WRIGHT COX and Husband, WADE COX, EVERETTE BURTON WRIGHT and Wife, JANETTA K. WRIGHT, THURMAN MARSHALL WRIGHT and Wife, LOUISE WRIGHT, BAR-BARA WRIGHT MOLLOY and Husband, VERNON MOLLOY, RAY WHEELER and Wife, DALPHINE WRIGHT WHEELER, Additional Defendants.

(Filed 20 January, 1967.)

1. **Judicial Sales § 1—**

The court-appointed commissioner to conduct a judicial sale is empowered only to sell the land and distribute the proceeds, and has only such powers as may be necessary to execute the decree of the court, and therefore is not under duty to show the boundaries of the land or the means of ingress and egress to the property, the remedy of a prospective purchaser if he wishes a survey being by motion under G.S. 1-408.1.

2. **Judicial Sales § 4—**

The doctrine of *caveat emptor* applies to a judicial sale, and while the court has equity jurisdiction to protect the purchaser from imposition because of fraud or mistake, when the evidence discloses that the parties had equal opportunity to discover the facts, that the description set out in the petition for sale was of record for more than a year prior to the bid, and that the purchaser was familiar with the property and did not ask for a survey, such purchaser may not seek relief from his bid on the ground of shortage in acreage or lack of access to the property.

**3. Judicial Sales § 7; Tender—**

Where the last and highest bidder at a judicial sale is served notice that the commissioner would move that he comply with the terms of his bid, and then gives notice of his refusal to do so, tender of deed to him by the commissioner is not required, since the law does not require the doing of a vain thing.

**4. Evidence § 25—**

The refusal of the trial court to admit in evidence letters offered by a party will not be disturbed when such party offers no evidence that such letters were genuine or authentic.

**5. Judgments § 5—**

A judgment in a special proceeding, as well as in a civil action, may be either interlocutory or final.

**6. Same; Judgments § 4; Judicial Sales § 7—**

Order issued in a judicial sale proceeding that upon refusal of the last and highest bidder to comply with his bid the land should be resold and that the defaulting bidder be held liable for the costs and for any amount that the final sale price is less than his bid, *is held* not a void conditional judgment, since it is unequivocal and the determination of the liability is a simple matter of arithmetic and an administrative duty, and such order is a final judgment deciding the matter on its merits without need for further direction of the court. G.S. 1-339.30(e).

**7. Appeal and Error § 13—**

Upon the refusal of the last and highest bidder at a judicial sale to comply with his bid, the court may properly order him to file a *supersedeas* bond on his appeal from the court's order of resale and order that he be held liable for costs of resale and any amount by which the final sale price is less than his bid.

**8. Judgments § 6—**

Jurisdiction over an action is not ended by the rendition of a final judgment, but the court retains jurisdiction for the purpose of execution, for recall of execution, or for the determination of proper credits or the amount due on the judgment.

APPEAL by defendant William M. Wright from *Latham, S.J.,* July-August 1966 Session of RANDOLPH.

Special proceeding to sell real estate to make assets to pay debts.

E. T. Walton, Administrator of the estate of Ellen Lowdermilk Clark, filed his petition for sale to make assets on 31 August 1962. Paragraph 4 of the petition is as follows:

"4. That a description of all the legal and equitable real estate of the decedent and the estimated value is as follows (said real estate being located in Richland Township, Randolph County):

BEGINNING at a rock pile in I. F. Hancock's line; running thence East along said line crossing the branch 34.25 chains to

a stone in Solomon Williams' line; thence North 27 degrees East 27 chains to a stone in Polly King's line; thence West 16 chains to a dogwood; thence South 55 degrees West 1 chain to a stone; thence North 80 degrees West 1.50 chains to a post oak; thence North 40 degrees West 0.75 chains to a stone, formerly a sweet gum; thence West 24.50 chains along Solomon Williams' line to a stone, F. E. Smith and W. A. Smith corner; thence South along said line 24 chains to the beginning, containing 84½ acres, more or less.

The estimated value of said property is $2,500.00."

One of the heirs, Zona Clark Wright, filed an answer denying that it was necessary to sell to make assets. Before trial, Zona Clark Wright died and defendant appellant was appointed administrator of her estate. By order dated 13 February 1965, Wright, individually and as administrator, was made an additional defendant along with other heirs of Zona Clark Wright. As additional defendant, he filed answer on 22 March 1965, admitting "that the real estate described in Paragraph 4 of the petition is correct," and alleging, among other things, the value of the property to be nearer $6,000.00 than $2,500.00. Upon submission of the issues, the jury found that it was necessary to sell the property to make assets, and judgment was entered appointing petitioner E. T. Walton commissioner to sell the real estate described in the petition. After sale and numerous resales, defendant Wright on 11 March 1966 became the last and highest bidder at the price of $5,245.38. The sale was duly confirmed on 15 July 1966. Appellant did not comply with the terms of sale, and, upon motion of petitioner and after due notice, hearings were held before the clerk of superior court, who entered an order of resale as provided by G.S. 1-339.30, taxing appellant with the costs thereof, and further ordering that appellant be charged with any difference between his bid price and the resale price, should it be less. Appellant filed exceptions and appealed to superior court. The appeal was heard by Latham, S.J., who disallowed appellant's exceptions, confirmed the clerk's order of resale, and dismissed the appeal. From this judgment appellant appealed to Supreme Court. The trial court set an appeal bond of $200.00 and a *supersedeas* bond of $2,500.00.

*Miller and Beck and Thomas L. O'Briant for petitioner appellee.*
*Ottway Burton for defendant appellant.*

BRANCH, J.  G.S. 1-339.30 provides, in part: "(d) When the highest bidder at a public sale of real property fails to comply with his bid within ten days after the tender to him of a deed for the

property or after a bona fide attempt to tender such deed, the judge or clerk having jurisdiction may order a resale. . . . (e) A defaulting bidder at any sale or resale is liable on his bid, and in case a resale is had because of such default, he shall remain liable to the extent that the final sale price is less than his bid plus all costs of such resale or resales."

Appellant contends that the court-appointed commissioner should have shown the boundaries of and the means of ingress and egress to the property sold at judicial sale. This contention is without merit.

"A commissioner appointed by a court of equity to sell land is empowered to do one specific act, viz., to sell the land and distribute the proceeds to the parties entitled thereto. He has no authority and can exercise no powers except such as may be necessary to execute the decree of the court." *Peal v. Martin*, 207 N.C. 106, 176 S.E. 282.

In the case of *Johnson v. Lumber Company*, 225 N.C. 595, 35 S.E. 2d 889, an action to restrain the cutting of timber and for damages, the plaintiff alleged that by consent order the clerk appointed a commissioner to sell timber at private sale, allowing not over nine months within which to cut and remove, and that the commissioner reported sale of the timber, allowing twelve months within which to cut and remove same. The Court held: "If the original order of sale was a consent decree, as alleged, the court had no power to change its terms without consent of all parties, except on the ground of fraud or mistake. (Citing cases) And the commissioners could convey only in accord with the terms of the order. (Citing cases) The purchasers were chargeable with notice of the proceeding under which they purchased and were bound by the limitations upon their rights appearing on the face of the record."

The order of confirmation in this cause "authorized and directed (the commissioner) to execute and deliver to the purchaser a good and sufficient deed to said land upon the receipt by said commissioner of the said purchase price, and the funds so received by him be held and disbursed as provided by law and the further orders of this court; and that thereafter the commissioner make his final accounting to this court." The commissioner was without authority to do more.

G.S. 1-408.1 provides: "In all civil actions and special proceedings instituted in the superior court before the clerk where real property is to be sold to make assets to pay debts, or to be sold for division, or to be partitioned, the clerk may, if, in his opinion, all parties to the action or proceeding will benefit thereby, order a survey of the land involved, appoint a surveyor for this purpose, and fix a reasonable fee for his services, which fee, along with other costs of the survey, shall be taxed as a part of the costs in such action or

proceeding. Any dissatisfied party shall have the right of appeal to the judge, who shall hear the same *de novo.*"

The record does not reveal that appellant at any time by motion, request or suggestion, followed the course which so clearly provides the remedy for his complaint. The statute provides an adequate remedy at law, which the appellant ignored. He should not now be heard to complain that the court did not provide him with the right to survey and thereby establish boundaries.

The court considered the liability of a bidder at a judicial sale in the case of *Eccles v. Timmons,* 95 N.C. 540, where the defendant purchased certain land at commissioner's sale and did not comply with the terms of purchase. Upon motion filed by the commissioner for summary judgment, the defendant set up defense of an imperfect title. Title to the property was set out in the petition and a copy of deed from which title was derived was annexed to the petition. The trial court rendered judgment against the defendant. Upholding this judgment against the purchaser, the Court stated: "It is not a case when, upon the face of the pleadings, a perfect title purports to be sold that is afterwards discovered to be defective, when the Court will relieve and not compel the purchaser to pay for what he does not get. But the true state of the title appears in the averments in the petition itself, so that every bidder may know by examination what estate he will acquire in the land, and his bid must therefore be regarded as his own estimate of the value of what he may buy and the Court may direct thereafter to be conveyed. . . . The petition in the present case truly represents the interests of the parties to the proceeding, and the purchasers, presumed to know the law, buy such as they possess, and therefore ought to pay his bid. . . . (I)t is not material to decide whether a full and perfect title can be transmitted to the appellant, inasmuch as he gets what he bought, and there are no equitable circumstances which entitle him to the relief asked."

In the case of *Smathers v. Gilmer,* 126 N.C. 757, 36 S.E. 153, the executors of the estate of James R. Love contracted to sell a certain tract of land owned by Love to one Welch. Welch in turn transferred his right to Richard Gray. Gray received a deed from the executors of Love for the land, which was described therein by courses and distances, and "containing 500 acres more or less." Upon the death of Gray, his heirs had a commissioner appointed to sell the land, and plaintiff became purchaser of the land, which sale was confirmed by the court. Deed was delivered to him by the commissioners containing the same definite description of courses and distances, "containing 500 acres more or less." Upon discovering that

the land contained only 262 acres, plaintiff brought action against the defendant trustee and administrator of the estate of Love. The evidence showed that the sale from Love's executors to Gray was a solid body of land and not by the acre. After affirming the judgment in favor of the defendant, the Court said:

"The plaintiff had two opportunities for protection: 1. A simple calculation, according to the definite boundaries, courses and distances, appearing on the record from the day of the registration of Gray's deed for over ten years before he purchased. 2. To require proper covenants in his deed for his protection.

"Failing to avail himself of those means, he purchased at his own risk and subject to the principle of *caveat emptor*. When each party has equal means of information that principle applies, and the injured party is without remedy. If, however, false representations are made, on which the other party may reasonably rely, they constitute a material inducement to the contract, and the injured party has acted with ordinary prudence, courts of justice will afford relief. Ordinarily, the maxim of *caveat emptor* applies equally to sales of real and personal property, and will be adhered to where there is no fraud."

These principles were again recognized in the recent case of *Glass Company v. Forbes*, 258 N.C. 426, 128 S.E. 2d 875, when our Court held that while *caveat emptor* applies to a judicial sale, the court has the power in its equity jurisdiction to protect the purchaser from imposition because of fraud or mistake, and may relieve him of his obligation when the ends of justice so require.

In the instant case the purchaser was a party to the proceeding. He was aware of the description set out in the petition for more than a year prior to his bid. He was familiar enough with the property to verify an answer stating "that the real estate described in Paragraph 4 of the petition is correct" and that the value of the property is nearer $6,000.00 than $2,500.00. He failed to avail himself of statutory remedy for survey. The parties had equal means of information, and there is no evidence of fraud or mistake. According to the record, it was an "arms-length" transaction consisting of an offer to purchase and an acceptance. The appellant is bound thereby.

The appellant complains that there was no tender of deed by commissioner before entry of the order of resale. The commissioner was required by the applicable statute to tender a deed for the property or make "a bona fide attempt to tender such deed." There

was a finding by the clerk that the commissioner had made a bona fide attempt to deliver the deed. The appellant was served with notice on 27 June 1966 that the commissioner would move on 12 July 1966 that appellant comply with the terms of sale. This indicated that the commissioner, who was under order of court to convey upon receipt of purchase price, stood ready, willing and able to comply with the terms of the order. No further tender was necessary when appellant failed to comply, since the law does not require the doing of a vain thing. *Millikan v. Simmons*, 244 N.C. 195, 93 S.E. 2d 59.

Appellant further contends that the trial court erred in refusing to admit in evidence two letters offered by appellant. Defendant offered no evidence as to whether the letters were genuine or authentic. It is well recognized law that before any writing will be admitted into evidence it must be authenticated in some manner, *i. e.*, its genuineness or execution must be proved. Stansbury, North Carolina Evidence, 2d Ed., Ch. XIII, Authentication of Writings, § 195. See also *Arndt v. Insurance Co.*, 176 N.C. 652, 97 S.E. 631.

We do not find merit in appellant's contention that the trial court erred in setting a *supersedeas* bond because there was no judgment against appellant.

A final judgment is one which decides the case upon its merits without need of further directions of the court; an interlocutory order or judgment is provisional or preliminary, and does not determine the issues in the action but directs some further proceedings preliminary to final decree. A judgment in a special proceeding as well as in a civil action may be either interlocutory or final. *Russ v. Woodard*, 232 N.C. 36, 59 S.E. 2d 351.

A conditional judgment is one whose force depends upon the performance or nonperformance of certain acts to be done in the future by one of the parties, and such a judgment is void. *Simmons v. Jones*, 118 N.C. 472, 24 S.E. 114.

The judgment entered by the court is an unequivocal and positive order which determined the rights of appellant Wright as a bidder. It is a final determination of his liability for costs of resale and a final fixing of liability for any difference between his bid and the bid received at the ordered resale. The determination of the amount is a simple matter of arithmetic and a purely ministerial duty.

The court has authority to implement the judgment entered. "An action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until the judgment is satisfied. It is open to motion for execution, for the recall of an execution, to determine proper credits and for other motions affecting the exist-

ence of the judgment *or the amount due thereon."* (Emphasis ours) *Finance Co. v. Trust Co.,* 213 N.C. 369, 196 S.E. 340.

Appellant's exception to other evidentiary questions has been carefully examined and we find no prejudicial error.

Affirmed.