477 S.E.2d 735

**NATIONSBANK OF NORTH CAROLINA, N.A., Respondent,**

v.

**Donald H. PARSONS and Resources Planning Corp., Appellants.**

**No. 2581.**

Court of Appeals of South Carolina.

Submitted Oct. 8, 1996.

Decided Oct. 28, 1996.

508

John C. Benso, of Hardig & Parsons, Pawleys Island, for appellants.

Stacey L. Kraftchick, of McNair Law Firm, Georgetown, for respondent.

ANDERSON, Judge.

This case involves the domestication of a foreign judgment rendered against Donald H. Parsons and Resources Planning Corporation (Appellants). The trial court found the North Carolina judgment was final and entitled to full faith and credit in South Carolina. We affirm.[1]

## FACTS/PROCEDURAL BACKGROUND

On July 27, 1988, American Doubloon Corporation (American Doubloon) executed and delivered to NCNB National Bank of North Carolina (NCNB), predecessor to NationsBank of North Carolina, N.A. (Respondent), a promissory note in the original principal amount of $290,000. The note was guaranteed by Appellants, among others. As collateral for the loan, American Doubloon granted NCNB a security interest in forty knitting machines.

American Doubloon defaulted on its obligation to pay the note. A default judgment was entered against American Doubloon. On January 26, 1989, NCNB filed an action in North Carolina to recover on the note against both American Doubloon as primary debtor and Appellants as guarantors. A North Carolina trial judge filed, on November 14, 1991, an order granting summary judgment in favor of NCNB as to Appellants' liability as guarantors. Appellants appealed this order. However, the appeal was denied as interlocutory.

On October 5, 1992, the parties entered into a settlement agreement. On that same date, a North Carolina trial court entered judgment in favor of Respondent. The settlement agreement, which was incorporated into the court's order, provided in pertinent part:

> Donald H. Parsons and Resources Planning Corp., jointly and severally agree to have judgment entered against them in the amount of $273,635.99; plaintiff agrees to sell machinery at public sale within 90 days; plaintiff keeps money from sale of machinery; any sale proceeds over $30,000 will be credited against the judgment; the plaintiff will not execute on the judgment for 90 days; the defendants will

---

1. Because oral argument would not aid the Court in resolving the issues, we decide this case without oral argument.

not dispose of any assets in NC for a period of 90 days or ... [until] a supercede[a]s bond is posted, whichever event happens first. All time limits begin to run from the execution of this Settlement Agreement; defendants reserve their right of appeal; attorney fees to be set by the Court.

Pursuant to the judgment, the North Carolina trial court ordered "that the plaintiff have and recover of the defendant the sum of $273,635.99. ..." This judgment was filed with the Catawba County Clerk of the Superior Court on October 15, 1992.

Following the entry of the judgment, Appellants appealed to the North Carolina Court of Appeals the ruling as to their liability on the debt in question. On April 19, 1994, the appellate court, affirming the trial court, found the granting of summary judgment in favor of Respondent was proper. Appellants then filed a petition for discretionary review of the appellate court's decision. This petition was denied by the North Carolina Supreme Court on September 8, 1994 and filed on September 27, 1994.

Respondent sold the knitting machines at a private sale on September 23, 1994.

On November 2, 1994, Respondent informed Appellants it had filed the North Carolina judgment in the Georgetown County Clerk of Court's office. Thereafter, Appellants filed a motion for relief from and defense to foreign judgment. Respondent then filed a motion for enforcement of foreign judgment.

On January 24, 1995, Respondent filed a motion in the cause with the North Carolina court seeking a hearing to determine the "market value of the equipment sold at private sale" by the Respondent and to "enter appropriate orders concerning the rights of the parties to pursue execution of the ... judgment."

On February 6, 1995, Appellants filed a motion for relief from the judgment in North Carolina pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure.

A hearing on the two motions filed in Georgetown County was held on February 7, 1995. As a result of that hearing, the court issued an order holding that the North Carolina judg-

ment filed in Georgetown County pursuant to the Uniform Enforcement of Foreign Judgments Act, S.C.Code Ann. § 15–35–900, *et seq.* (Supp.1995) was a final judgment entitled to full faith and credit in South Carolina. In that order, the court also denied Appellants' motion for relief.

Subsequently, Appellants filed a motion to alter or amend judgment asserting the trial court's order failed to address the impact of the RESTATEMENT (SECOND) OF CONFLICT OF LAWS, § 108 (1971) and S.C.Code Ann. § 15–35–920(B) (Supp.1995). The court denied this motion also.

## *ISSUE*

Did the trial court err in denying Appellants' motion for relief from domestication of a foreign judgment?

## *LAW/ANALYSIS*

Appellants argue the foreign judgment is not final and the trial court erred in ruling the judgment was entitled to full faith and credit in South Carolina.

■ South Carolina Code Ann. § 15–35–920 (Supp.1995) sets forth the procedure to be followed when filing foreign judgments:

(A) A copy of a foreign judgment ... may be filed in the office of the clerk of court of any county of this State in which the judgment debtor resides or owns real or personal property. Along with the foreign judgment, the judgment creditor or his attorney shall make and file with the clerk an affidavit which states that the foreign judgment is final, that it is unsatisfied in whole or in part ..., and whether the judgment is further contested.

(B) Upon the filing of the foreign judgment and the affidavit, the foreign judgment must be docketed and indexed in the same manner as a judgment of this State; however, no foreign judgment may be indexed if contested until resolved and no execution may issue upon the foreign judgment nor may any other proceeding be taken for its enforcement until the expiration of thirty days from the date upon which notice of filing is served....

Thus, a foreign judgment must possess at least three characteristics: 1) it must be final; 2) unsatisfied in whole or in part; and 3) not further contested by the debtor. The North Carolina judgment possessed all of these characteristics.

 The crux of the Full Faith and Credit Clause of the United States Constitution is that courts of one state must give such force and effect to a judgment of a sister state as that judgment would have in the sister state. *Hamilton v. Patterson,* 236 S.C. 487, 115 S.E.2d 68 (1960); *Purdie v. Smalls,* 293 S.C. 216, 359 S.E.2d 306 (Ct.App.1987). The validity and effect of a foreign judgment must be determined by the laws of the state that rendered the judgment. *Loyd & Ring's Wholesale Nursery, Inc. v. Long & Woodley Landscaping and Garden Ctr., Inc.,* 315 S.C. 88, 431 S.E.2d 632 (Ct.App.1993).

 A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the *trial* court. *Veazey v. City of Durham,* 231 N.C. 357, 57 S.E.2d 377 (1950). Furthermore, a final judgment is one which decides the case upon its merits without need of further direction of the court. *Walton v. Cagle,* 269 N.C. 177, 152 S.E.2d 312 (1967). In *Walton,* the North Carolina Supreme Court addressed the finality issue:

> The judgment entered by the court is an unequivocal and positive order which determined the rights of appellant Wright as a bidder. It is a final determination of his liability for costs of resale and a final fixing of liability for any difference between his bid and the bid received at the ordered resale. *The determination of the amount is a simple matter of arithmetic and a purely ministerial duty.* (emphasis added).

*Id.* 152 S.E.2d at 317.

 Pursuant to North Carolina law, an action in court is not ended by the rendition of a judgment, but in certain respects it is still pending until the judgment is satisfied. *Abernethy Land & Fin. Co. v. First Sec. Trust Co.,* 213 N.C. 369, 196 S.E. 340 (1938). "It is open to motion for execution, for the recall of an execution, *to determine proper credits,* and for other motions affecting the existence of the judgment, or the amount due thereon." *Id.* 196 S.E. at 341–42 (emphasis

added). Except for the court's reservation of the power to encourage compliance, a judgment is final if it "put[s] to rest the main purpose of the action and completely determine[s] the rights of the parties." *Poore v. Swan Quarter Farms, Inc.,* 57 N.C.App. 97, 290 S.E.2d 799, 802 (1982).

In *Good v. Hartford Acc. & Indem. Co.,* 201 S.C. 32, 21 S.E.2d 209 (1942), our Supreme Court explained when a judgment is final:

> "A judgment, order, or decree, to be final for purposes of an appeal or error, must dispose of the cause, or a distinct branch thereof, as to all the parties, reserving no further questions or directions for future determination. It must finally dispose of the whole subject-matter or be a termination of the particular proceedings or action, leaving nothing to be done but to enforce by execution what has been determined. In other words, a final judgment is one which operates to divest some right in such a manner as to put it beyond the power of the Court making the order to place the parties in their original condition after the expiration of the term; that is, it must put the case out of Court, and must be final in all matters within the pleadings."

*Id.* at 41–42, 21 S.E.2d at 212.

"[A] judgment may be final even though further proceedings incidental to its proper execution are provided for on the face of the judgment." *Medical Adm'rs, Inc. v. Koger Properties, Inc.,* 668 S.W.2d 719, 722 (Tex.Ct.App.1983). However, the validity and finality of the judgment is not compromised thereby. Proceedings pending on the judgment in the rendering state do not affect the validity of the judgment for purposes of full faith and credit in sister states. RESTATEMENT (SECOND) OF CONFLICT OF LAWS § 92 cmt. c (1971).

In the case *sub judice,* the judgment was final. The liability of Appellants has been determined. This final determination has come about after Appellants have fully availed themselves of the appeals process. These appeals would not have been available had the underlying judgment not been final. Though the North Carolina judgment is final, it remains open, prior to its satisfaction, for the determination of any matters going to its enforcement, including determining

proper credits [2]. *See Abernethy Land & Fin. Co. v. First Sec. Trust Co.*, 213 N.C. 369, 196 S.E. 340 (1938). The only matter left for resolution is the determination of any credits that might be available. The final judgment is "in the amount of $273,635.99, plus the costs of this action including a reasonable attorney's fee to [be] set by the Court," with a determination yet to be made as to any proper credits that might be available to Appellants. The judgment is no less final and no less entitled to full faith and credit because there is a possibility of a credit against the amount of the judgment.

Moreover, it is uncontested the judgment is unsatisfied in whole or in part. Thus, the second prong of § 15–35–920 is met.

Finally, the *judgment* is not further contested by the debtor. The filing by Appellants of the Rule 60(b) motion for relief from the judgment in North Carolina is a motion filed for relief from a *final* judgment. *See* Rule 60(b), NCRCP ("On motion and upon such terms as are just, the court may relieve a party . . . from a *final* judgment. . . .") (emphasis added). "Rule 60(b) of the North Carolina Rules of Civil Procedure . . . has no application to *interlocutory* judgments, orders, or proceedings of the trial court. It only applies, by its express terms, to *final* judgments." *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532, 540 (1975) (emphasis in original). Furthermore, the fact that Appellants filed the Rule 60(b) motion "does not affect the finality of a judgment or suspend its operation." Rule 60(b), NCRCP.

Courts that have considered the effect of proceedings on the final judgment filed after registration of a foreign judgment in its jurisdiction hold that postjudgment action in the forum rendering the judgment does not nullify the domestication of

---

2. *See* Judge Robert P. Johnston's order dated September 12, 1995, holding:

> [D]efendants Donald H. Parsons and Resources Planning Corporation are not due or entitled to any credits on the Judgment, heretofore entered in this action on October 5, 1992, because the plaintiff held on September 26, 1994, a private sale of the knitting machines it held as collateral.
> [N]o additional credits are due the defendants Donald H. Parsons and Resources Planning Corporation on the Judgment for any other reasons and that the Judgment remains in full force and effect.

that judgment by a sister state. *See Burchett v. Roncari*, 181 Conn. 125, 434 A.2d 941 (1980); *Indemnity Ins. Co. v. Smoot*, 152 F.2d 667 (D.C.Cir.1945). According to *Smoot*, the validity of a registered foreign judgment will not be affected simply by the filing of proceedings to set aside the final judgment in the rendering state. *Id.* The registration of the judgment and its entitlement to full faith and credit in a sister state stand unless and until the said judgment is vacated or set aside by the rendering forum. *Id.*

Appellants further argue Respondent is prohibited from domesticating this North Carolina judgment pursuant to S.C.Code Ann. § 15–35–920(B) (Supp.1995). This argument is without merit. Section 15–35–920(B) states "no foreign judgment may be indexed if contested until resolved." It is not denied that the question of applicable credits, if any, is to be determined by the North Carolina court. However, according to North Carolina law, such proceedings do not affect the finality of the judgment. *See Abernethy Land & Fin. Co. v. First Sec. Trust Co.*, 213 N.C. 369, 196 S.E. 340 (1938).

Although the language referenced by counsel has not yet been interpreted by the appellate entities, reading the act in its entirety and the terms of the judgment in question, and considering the proceedings pending before the North Carolina court regarding any credits which may or may not be applicable, we hold the judgment is final, all appeals as to liability have been exhausted, and the judgment itself is not further "contested." Therefore, Respondent's filing of the judgment for enforcement thereof in Georgetown County was proper pursuant to the Uniform Enforcement of Foreign Judgments Act. Credits which may or may not be applicable to the judgment are still an issue. However, this issue does not relate at all to the finality of the judgment.

Once docketed in accordance with the Uniform Enforcement of Foreign Judgments Act, the judgment has the same effect and is subject to the same defenses as a judgment of this state and must be enforced or satisfied in like manner. *See* S.C.Code Ann. § 15–35–920(C) (Supp.1995). Thus, Appellants would be entitled to set forth, prior to enforcement or execution, any credits to which they may be entitled.

## *CONCLUSION*

Accordingly, the trial court's order denying Appellants' requested relief and finding the North Carolina judgment is final and entitled to full faith and credit in South Carolina is

**AFFIRMED.**

CURETON and GOOLSBY, JJ., concur.